[No. 2,624.]

ANDREW McCREERY AND JOHN SULLIVAN v. JOHN EVERDING, MARY E. ROSS, SOLE EXECUTRIX OF THE LAST WILL OF WILLIAM G. ROSS, DECEASED, J. W. REAY, ROBERT E. KERRISON, PETER E. FARRELL, PETER FINNERTY, JOSEPH R. CORWIN, H. C. WRIGHT, RUNALDO SCHWARTZBERGER, CHARLES B. STOVER, WOODRUFF DUNHAM, W. P. THOMPSON, CORA A. STEWART, JOHN WHITE, RICHARD DONOVAN, MARTIN TARPY, E. FLANIGAN, THOMAS WALLACE, JOHN DELAHANTY, W. T. BELL, ROBERT F. MORROW, SALVIN P. COLLINS, S. T. KING, AND OTHERS.

STATEMENT ON MOTION FOR NEW TRIAL.—When a nonsuit is granted, and the plaintiff makes a statement on motion for a new trial, in the specification of reasons why a new trial should be granted, he must insert the alleged error of granting a nonsuit.

NEW TRIAL AS TO ONE NOT APPEALING.—If there are several defendants, and an order granting a new trial is erroneous as to one, the error as to him cannot be corrected on the appeal of the others, in which he does not join.

SUBSTITUTION OF EXECUTOR AS DEFENDANT.—If, pending an action, one of the defendants dies, and on plaintiffs' motion his executor is substituted as defendant in his place, and no notice of this fact is served on the executor, and he does not appear or answer, or adopt the answer of his testator as his own, and the testator is named in the judgment, the rights of the executor are not affected by the trial and judgment, and a judgment rendered is a nullity, so far as he is concerned.

JUDGMENT IN FAVOR OF ONE DEAD.—A judgment in favor of a dead man is a nullity.

AUTHORITY OF ATTORNEY TO ACCEPT SERVICE OF NOTICE.—When service of a notice of motion for a new trial is accepted by one attorney for another, who was his associate on the trial, each, however, appearing for different defendants, it will be presumed that he had authority to accept the service, if the point is first raised in the Supreme Court.

PROOF OF POSSESSION IN EJECTMENT.—If, in ejectment, the defendant admits in his answer that he is in possession of a portion of the demanded premises, it is not necessary for the plaintiff to prove his possession.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The defendants, whose names are given, except John Everding, appealed from the order granting a new trial.

The other facts are stated in the opinion.

*E. A. Lawrence, J. C. Stebbins,* and *J. McCabe,* for Appellants.

*S. M. Wilson* and *W. H. L. Barnes,* for Respondents.

By the Court, BELCHER, J.:

This is an appeal, taken by a portion of the defendants, from the order granting the plaintiffs' motion for a new trial.

The appellants make the same points on this appeal that were considered and overruled on the appeal, ante, 246, taken by certain other defendants in the same case.

The appellants make the farther points that the new trial was improperly granted as against the defendant, E. Roper, for the reason that the nonsuit was granted as to him, and that ruling was not specified as one of the errors on which the plaintiffs would rely at the hearing of the motion, and as against Mrs. Ross, and all the defendants for whom C. Sims filed answers, for the reason that the notice of motion for new trial was never served upon them or their attorneys; and as against the defendants J. W. Reay and S. T. King, for the reason that there was not sufficient evidence that they were in possession of any part of the demanded premises at the time the action was commenced, and, therefore, their motion for nonsuit should have been granted.

When the plaintiffs rested their case, the Court granted a nonsuit as to Roper, and that ruling is not specified by the plaintiffs in their assignment of errors. The motion for new trial should, therefore, have been denied as to him. We

cannot, however, correct the error, for the reason that he does not join in this appeal.

More than two years before the trial, the death of W. G. Ross was suggested by the plaintiffs, and Mrs. Ross, as the executrix of his will, was substituted, by an order entered in the minutes, as defendant.

It seems to be conceded by counsel for appellants that the order of substitution was never served on Mrs. Ross, and that she was not notified of the fact that she had been made a party to the action; that the answer of Wm. G. Ross was not her answer, unless she adopted it, which she never did, and that she never filed any answer, or appeared in the action for herself.

If this be so, her rights were not affected by the trial, nor by any of the subsequent proceedings. (*Judson* v. *Love*, 35 Cal. 469.)

When the judgment was entered up, W. G. Ross was named, both in the title of the case and in the body of the judgment, as one of the defendants. This was not a judgment in favor of Mrs. Ross. As against her the case had not been tried, and no judgment could be rendered for or against her. W. G. Ross, being dead, the judgment in his favor was a nullity, and there was no error in setting it aside on motion.

*Gregory* v. *Haynes*, 21 Cal. 443, is not in conflict with the views we have expressed. In that case, the judgment recited the death of the original plaintiff, and a continuance of the case in the name of the executor. The trial was between the living parties, and the error was one of form in continuing the name of Wenborn, instead of inserting that of the executor in the title of the judgment.

The complaint named seventy-five different defendants, and the judgment forty-two, in whose favor judgment was rendered in pursuance of the verdict. For fifteen of these defendants, who join in this appeal, C. Sims, as attorney,

filed answers.   On the trial all of the defendants who were represented at all were represented by S. W. Holladay, E. A. Lawrence, W. P. Daingerfield, and James McCabe.   Mr. Holladay appears principally to have conducted the examination and cross-examination of the witnesses.   The admission of the service of notice of motion for new trial upon the fifteen appellants, for whom Sims had filed answers, is signed: " C. Sims (by S. W. Holladay, for this purpose only), attorney for defendants," etc.

It is claimed now that Mr. Holladay had no authority to make this acknowledgment, and hence that there was no service of the notice upon the parties named.

It is asserted by counsel for respondents that Holladay had authority from Sims to accept service for him, and that the question was not raised in the Court below.   Counsel for appellants deny this authority, but do not say that the question was raised in the District Court, where evidence in regard to the matter might have been submitted.

Under all the circumstances, considering that Mr. Holladay was an attorney in the case and took a leading part at the trial, and that the point is made here for the first time, we think we ought to presume in favor of the authority rather than against it.

When the plaintiffs rested, a motion for nonsuit was made in behalf of the defendants, J. W. Reay and S. T. King, on the ground that they were not shown to be in possession of any part of the demanded premises, and the motion was denied. There was testimony tending to show to some extent that each defendant was in possession of a parcel of the premises when the action was commenced.   If that was not sufficient, a conclusive answer to the motion may have been found in the fact that each defendant substantially admitted in his answer that he was in possession of the parcel claimed by him and withheld it from the plaintiff.

We do not think there was any error in the ruling of the Court in this respect.

Upon the authority of *McCreery* v. *Everding*, ante, 246, the order is affirmed as to all the appellants except Mrs. Ross; as to her the appeal is dismissed.