[Civ. No. 43455. Second Dist., Div. Five. Nov. 12, 1974.]

KATHLEEN POLONY, Plaintiff and Appellant, v.
ROBERT RICHARD WHITE et al., Defendants and Respondents.

## Counsel

Grayson & Gross and Saul Grayson for Plaintiff and Appellant.

Patterson, Ritner & Lockwood and David Louis Kamin for Defendants and Respondents.

## Opinion

**LORING, J.**[*]—Kathleen Polony (Polony) filed an action for damages for personal injuries resulting from an automobile accident against Robert Richard White (Robert) and Richard Arthur White (Richard)[1] (father and son). On the motion of defendant[2] the court, in reliance on *Davis* v. *Hart*, 123 Cal. 384 [55 P. 1060], dismissed the action for failure to serve and return summons within three years from the filing of the action under the provisions of Code of Civil Procedure section 581a.[3] Polony appeals from the order of dismissal.

[*]Assigned by the Chairman of the Judicial Council.

[1]The parties agree that Richard is not a proper party to the action since he was neither the driver nor the owner of the car.

[2]There is no question here regarding the authority to represent the defendant.

[3]Code of Civil Procedure section 581a reads: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings

## CONTENTIONS

Appellant contends:

**I** The court abused its discretion in granting the motion to dismiss.

**II** The three-year period specified in Code of Civil Procedure section 581a was tolled from June 25, 1969 (when Robert died) until October 8, 1971 (when an administratrix was appointed for his estate).

## FACTS

We have prepared a chronological summary of relevant dates which is set forth in the margin.[4]

shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action.

"(b) No action heretofore or hereafter commenced by cross-complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless, if a summons is not required, the cross-complaint is served within three years after the filing of the cross-complaint or unless, if a summons is required, the summons on the cross-complaint is served and return made within three years after the filing of the cross-complaint, except where the parties have filed a stipulation in writing that the time may be extended or, if a summons is required, the party against whom service would otherwise have to be made has made a general appearance in the action.

"(c) All actions, heretofore or hereafter commenced, shall be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if no answer has been filed after either service has been made or the defendant has made a general appearance, if plaintiff fails, or has failed, to have judgment entered within three years after service has been made or such appearance by the defendant, except where the parties have filed a stipulation in writing that the time may be extended.

"(d) The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section.

"(e) A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion, or stipulation extending time for service of summons and return thereof, constitute a general appearance."

[4]The relevant dates are as follows:

| | |
|---|---|
| October 13, 1967 | accident |
| October 7, 1968 | complaint filed |
| December 12, 1968 | Robert's insurance company requests medical authorization |
| January 31, 1969 | Polony's lawyer sends information to insurance company |
| June 25, 1969 | Robert dies |

## DISCUSSION

Appellant argues that *Davis* v. *Hart*, 123 Cal. 384 [55 P. 1060], decided in 1899 (which was relied on by the trial court) does not express the modern trend of thinking and that it should be expressly overruled. Such is not our province as an intermediate appellate court. However, we note that Code of Civil Procedure section 581a[5] has been amended since 1889. In *Davis* v. *Hart, supra*, the court quotes the applicable code section (as enacted in 1889) in the following language: ". . . 'No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and served and return thereon made within three years after the commencement of the said action, or unless appearance has been made by the defendant.'" (123 Cal. at p. 386.)

| | |
|---|---|
| October 14, 1969 | Process server receives summons and complaint for service on Robert |
| October 16, 1970 | Polony's attorney sends process to Sheriff of Tulare County for service on Richard |
| November 19, 1970 | Richard served with process |
| December 18, 1970 | Insurance company confirms agreement that it need not plead on behalf of defendants until ten days after notice |
| March 5, 1971 | Insurance company notifies Polony's lawyer that Robert is dead. That Richard is not a proper party |
| July 1, 1971 | Polony's lawyer requests Sacramento for death certificate re Robert |
| July 8, 1971 | Polony's lawyer requests Kern County for death certificate re Robert |
| July 9, 1971 | Sacramento issues death certificate indicating Robert died June 25, 1969 |
| July 22, 1971 | Polony's lawyer requests Robert's widow for information. No response |
| September 15, 1971 | Polony's lawyer sends letter to clerk to file petition for letters on behalf of Stein, his secretary |
| September 23, 1971 | Petition for letters filed |
| October 8, 1971 | Stein appointed administratrix |
| October 13, 1971 | Letters issued |
| December 9, 1971 or December 23, 1971 | Summons served on administratrix |
| January 7, 1972 | Insurance company notified of service of summons on administratrix |
| May 15, 1973 | Insurance company notified to plead within ten days because of five-year period |
| January 22, 1973 | Court grants dismissal |
| June 25, 1973 | Order of dismissal filed |

[5]Code of Civil Procedure section 581a was formerly Code of Civil Procedure section 581, subdivision 7 in 1889.

■ In 1970 subdivision (d) was added to Code of Civil Procedure section 581a, which reads as follows: "(d) The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section."

Our research does not disclose any case which has interpreted the 1970 amendment of Code of Civil Procedure section 581a, particularly in the light of the facts with which we are now concerned.

We find no basis for concluding that the 1970 amendment does not mean precisely what it says—that the period of time that a defendant is not amenable to the process of the court is not included in computing the periods of time specified in the section. We see no escape from the conclusion that the defendant is not amenable to the process of court during the period following his death during which his estate has not been probated and there is no personal representative upon whom process could be served. During such period of time he is clearly not amenable to the service of the process of the court. If a defendant is dead and no estate has been probated, no one is in existence on whom process can be served. During such period such defendant is clearly beyond the territorial limits of the State of California and not amenable to the service of process. It is no answer to say that the claimant (by probating his estate as a creditor) could have created a person (an administrator) upon whom process could be served, because the statute imposes no greater duty on the claimant in that regard than it does on the decedent's heirs-at-law. The statute does not define a duty nor impose an obligation, it merely deals with a defined state of facts and declares the legal consequence that flows therefrom. The fact is the nonamenability and the consequence is a tolling of the statute. If the Legislature had intended a limitation or an exception to such consequence it could easily have so provided. Having failed to create such limitation or exception we are not at liberty to write our own.

It is manifest that the 1970 amendment to section 581a changes the effect of *Davis* v. *Hart, supra.* The trial court was therefore in error in following *Davis* v. *Hart* and in failing to apply the 1970 amendment to Code of Civil Procedure section 581a. We conclude that the three-year statutory period for service of summons and complaint was tolled during the period of time following the death of Robert during which there was no personal representative in existence upon whom process could be served. The heirs or executor of the estate of the decedent can terminate dilatory conduct by plaintiff by probating the estate of the deceased defendant at any time.

The dismissal was not justifiable on the ground that a creditor's claim had never been filed by Polony against the estate of White since the record does not show that notice to creditors was ever published. (Prob. Code, § 707.)

The judgment (order of dismissal) is reversed.

Kaus, P. J., and Hastings, J., concurred.