[Civ. No. 45224. Second Dist., Div. Five. May 5, 1975.]

LYNN DIANE HELD WILLS, Plaintiff and Appellant, v.
JESSE HENDERSON WILLIAMS, Defendant and Respondent.

COUNSEL

Judith B. Aaronson for Plaintiff and Appellant.

John F. Cobb and Ronald F. Jans for Defendant and Respondent.

## OPINION

**HASTINGS, J.**—This is an appeal taken by Lynn Diane Held Wills, plaintiff and appellant (Wills), from the order of dismissal filed on March 22, 1974, of her action against Jesse Henderson Williams, defendant and respondent (Williams), following the granting of Williams' motion to dismiss based on Code of Civil Procedure section 583, subdivision (b).

On February 7, 1968, Wills received severe personal injuries as a result of an automobile collision with Williams. In July 1968, Wills retained John R. Sheehan, attorney, to represent her. On February 5, 1969, Sheehan filed the verified complaint in the instant action, alleging negligence on the part of Williams, in that Williams failed to stop at an intersection "stop sign" and collided with Wills. The complaint was not served on Williams until January 29, 1971. There is no explanation for the delay in service. On November 19, 1971, defendant died without having filed an answer. At the time of his death his default had not been entered. The answer to the complaint was not filed until December 14, 1973.[1]

Sheehan advised Wills he could not settle the action until her doctor released her and she knew the full extent of her injuries. In the spring of 1972 Wills informed Sheehan that her medical treatment had terminated and that she desired him to proceed forthwith to try and settle her case and advise her of the results of his efforts. No communication of any kind was received from Sheehan, and in December of 1972, Wills made an appointment to see him in that month. The day before the appointment, Sheehan's secretary telephoned Wills and cancelled the appointment because Sheehan had to leave town.

Finally, in February of 1973, Wills met Sheehan at his office in Burbank, California. Sheehan advised her that he had been trying unsuccessfully to settle the case, but it did not matter because the action had been filed and "it takes a long time to get a trial date from the court." Wills then advised Sheehan that she was dissatisfied with his explanation and that she would like to consult another attorney about her case. According to Wills, Sheehan responded that she had signed a legal agreement with him and she was tied to it and she could not replace him with another attorney; also, he was very close to getting a settlement

---

[1]The answer was filed only after a copy of the complaint was served by Wills' second attorney (Aaronson) on Williams' insurance carrier.

and if Wills did retain another attorney it probably would spoil her chances for a settlement. He then advised her that he would contact her in two weeks, which he did not do.

In mid-August 1973, Wills met her present counsel, Judith B. Aaronson (Aaronson) and described to her what had transpired. Aaronson advised Wills that she could retain another attorney and that the only effect of the so-called "binding legal contract" was that Sheehan would be entitled to a portion of the attorney's fees for the work he had done in the case. Wills immediately retained Aaronson.

Wills' brief presents in chronological order Aaronson's activities in connection with the case after she was retained. These activities, which were numerous, need not be reported here because they are not instrumental in determining the issue before us. The important fact is that the court dismissed the action for failure to bring it to trial within five years from the filing of the complaint (Code Civ. Proc., § 583, subd. (b)).

Under the unusual facts of this case we conclude that the court erred as a matter of law. Code of Civil Procedure section 583, subdivision (b), provides an action shall be dismissed unless brought to trial within five years after the action was filed. However, subdivision (f) of the same section provides: "The time during which the defendant was not amenable to the process of the court and the time during which the jurisdiction of the court to try the action is suspended shall not be included in computing the time period [five years] specified in any subdivision of this section."

Code of Civil Procedure section 385, subdivision (a) provides that on the death of a party, the court, *on motion,* may allow the action or proceeding to be continued against his representative or successor in interest. Probate Code section 709 provides: "*If an action is pending against the decedent at the time of his death,* the plaintiff must in like manner *file his claim* with the clerk or present it to the executor or administrator for allowance or rejection . . . ." (Italics added.)

An alternative procedure is available to a plaintiff in a wrongful death or injury action. Code of Civil Procedure section 385, subdivision (b)[2]

---

[2]Code of Civil Procedure, section 385, subdivision (b) provides: "In the case of an action for injury to or for the death of a person caused by the wrongful act or neglect of the defendant, and the defendant dies after the commencement of the action, the action

allows the action to continue without the appointment of a personal representative for a deceased defendant, provided the insurer is served with the complaint and the *damages sought do not exceed the maximum coverage.* Probate Code section 709 has a comparable provision, providing the insurer had accepted the defense and had appeared in the action on behalf of the decedent. In this situation a claim against the estate must be made only for the amount of damages that exceed the coverage.

In the case at bar, the complaint sought damages in excess of the deceased's insurance coverage. Accordingly, on Williams' death, jurisdiction of the court was suspended until an executor or administrator was appointed. This case is not too dissimilar from *Polony v. White,* 43 Cal.App.3d 44 [117 Cal.Rptr. 341], where the defendant died before he was served with the summons and complaint. This court, in holding that the requirement that service must be made and returned within three years from date of filing was tolled (Code Civ. Proc., § 581a) said on page 48: ". . . the period of time that a defendant is not amenable to the process of the court is not included in computing the periods of time specified in the section. We see no escape from the conclusion that the defendant is not amenable to the process of court during the period following his death during which his estate has not been probated and there is no personal representative upon whom process could be served. . . . We conclude that the three-year statutory period for service of summons and complaint was tolled during the period of time following the death of Robert during which there was no personal representative in existence upon whom process could be served. The heirs or executor of the estate of the decedent can terminate dilatory conduct by plaintiff by probating the estate of the deceased defendant at any time."

■ "Amenable to process of the court" is not limited to service of the summons and complaint as Williams contends. Section 583, subdivision (f), of the Code of Civil Procedure states: ". . . not amenable to the process of the court and the time during which the jurisdiction of the

---

may be continued, against the decedent as the original party defendant without the appointment of a representative or successor in interest, if the decedent had liability insurance applicable to the cause of action, the amount of damages sought in the action does not exceed the maximum amount of such insurance, or recovery of excess thereof is waived, and the estate of the decedent otherwise qualifies for summary probate proceedings pursuant to the provisions of Section 630 of the Probate Code. No action may be continued under this subdivision unless the insurer has been served with the complaint 'filed in the action. For good cause, the court, upon motion of an interested person or upon its own motion, may order the appointment of a personal representative and his substitution as the defendant."

court to try the action is suspended . . . ." Amenable to process of the court, as used here, includes any procedural requirement that must be met before the court obtains or *regains* jurisdiction. Here no estate of the defendant had ever been probated; thus, a motion to continue the case could not be made, nor could any claim be filed. (Prob. Code, § 709.)

■ Clearly, the court's jurisdiction was suspended and section 583, subdivision (f), tolled the running of the five-year period. It is true Wills could have expedited the matter by probating the estate as a creditor; however, this action was considered and answered in *Polony* where we stated: ". . . the statute imposes no greater duty on the claimant . . . than it does on the decedent's heirs-at-law. The statute does not define a duty nor impose an obligation, it merely deals with a defined state of facts and declares the legal consequence that flows therefrom. The fact is the nonamenability and the consequence is a tolling of the statute. If the Legislature had intended a limitation or an exception to such consequence it could easily have so provided. Having failed to create such limitation or exception, we are not at liberty to write our own." (43 Cal.App.3d at p. 48.)

Section 385, subdivision (b), does not aid Williams. As stated earlier, Wills' cause of action sought damages that exceeded Williams' maximum coverage. Although Wills subsequently served the complaint on Williams' insurance company and waived damages in excess of the coverage, she was not required to proceed in this alternative manner.[3] At the time of Williams' death, the continuance of the lawsuit in the form filed required the appointment of a personal representative for Williams' estate. Accordingly, under Code of Civil Procedure, section 583, subdivision (f), the jurisdiction of the court was suspended until Williams' personal representative was appointed or until Wills chose to amend her complaint as to damages and proceed under section 385, subdivision (b).

We conclude that the five-year statutory period for bringing the action to trial was tolled from the date of Williams' death (Nov. 19, 1971)

[3]Williams' insurer, after his death and before service of the complaint on it, motioned the court to abate the action until Wills complied with section 385, subdivision (b). The motion was granted. The court's minute order based on said motion states: "The Court orders action abated until compliance is made with CCP 385(b)." We do not know the insurer's reason for obtaining the order but it could have posed a problem for Wills because on its face it precludes her from proceeding under subdivision (a) of the same section. Such a result would be erroneous, but if Wills had wished to proceed under subdivision (a), she would have been required to have the above order modified. Having placed Wills in this position, *and* having had the action abated on its own motion, a good case for estoppel is presented against the insurer. However, for reasons stated above, it is not necessary to determine the case on this basis.

to the date of service of the complaint on the insurer (Nov. 28, 1973); therefore, the five-year period had not expired.

The judgment (order of dismissal) is reversed.

Stephens, Acting P. J., and Ashby, J., concurred.