[Civ. No. 19239. Third Dist. Mar. 6, 1981.]

JOHN R. HERRING, Plaintiff and Appellant, v.
MARGARET LAVINA PETERSON, Defendant and Respondent.

COUNSEL

Ronald S. Barkin, S. Robert Diener and William I. Parks for Plaintiff and Appellant.

Mitchell, Dedekam & Angell and Paul A. Brisso for Defendant and Respondent.

OPINION

**WOLTERS, J.***—Plaintiff John Herring appeals from the trial court's order of dismissal under Code of Civil Procedure section 583, subdivision (b),[1] for failure to bring the case to trial within five years of filing. We reverse the order.

---

*Assigned by the Chairperson of the Judicial Council.

[1]Code of Civil Procedure section 583, subdivision (b) provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall

## FACTS

On July 26, 1973, 13-year-old Robin Herring was seriously injured in an automobile accident in Trinity County. A complaint for $200,000 in damages was filed in Santa Clara County by her guardian, John Herring (plaintiff), on July 25, 1974. The complaint named Margaret Lavina Peterson as a defendant. On January 26, 1977, Peterson (defendant) moved to change venue under Code of Civil Procedure section 397, subdivision 3, for the convenience of witnesses; the case was transferred to Trinity County on March 24, 1977. Defendant, who had tendered the case to her insurer, filed an answer on June 10, 1977.[2]

Defendant died in May 1977. Apparently her estate was never probated; nor was a personal representative appointed.[3] In April 1979 plaintiff made an offer to compromise for $25,000, the limits of defendant's insurance policy coverage. The offer was apparently rejected[4] and plaintiff filed an at-issue memorandum declaring that all necessary parties had been served.

A pretrial settlement conference was held on April 23, 1979, and trial was set for November 14, 1979. Defendant's counsel notified plaintiff on October 19, 1979, that he would move to dismiss under Code of Civil Procedure section 583, subdivision (b), for plaintiff's failure to bring the case to trial within five years of filing the complaint. Plaintiff then moved to advance the case for trial. After hearing arguments on both motions, the trial court dismissed the action.

The first issue is whether the trial court had jurisdiction to hear the motion to dismiss. Although this issue is not briefed by the parties, it is so basic to the validity of the trial court's order that it cannot be ignored.

Where a defendant dies and no personal representative is substituted, any judgment rendered is in excess of the court's jurisdiction to

have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

[2]Although there is nothing in the record to show that defendant's insurer did in fact accept the case, both parties' briefs agree on this point.

[3]Nothing in the record shows that defendant's estate was probated or a personal representative appointed, and defendant does not argue this point.

[4]The record does not include a specific rejection of plaintiff's offer to settle.

try the case. (*Judson* v. *Love* (1868) 35 Cal. 463, 467; *Bliss* v. *Speier* (1961) 193 Cal.App.2d 125, 126 [13 Cal.Rptr. 847].) (3) Code of Civil Procedure section 583, subdivision (f), under which this appeal arises, recognizes that upon the defendant's death the court is deprived of jurisdiction to try the case in its status quo. That statute exempts from the five-year limit of section 583, subdivision (b), the period of time when the defendant is not amenable to service of process and the jurisdiction of the court to try the action is suspended. As *Wills* v. *Williams* (1975) 47 Cal.App.3d 941, 946 [121 Cal.Rptr. 420] interpreted them, the words "amenable to service of process" include any procedural requirement that must be met before the court *obtains* or *regains* jurisdiction. The clear meaning is that jurisdiction is lost for the time when the defendant is not amenable to service of process or when some other procedural requirement must be fulfilled to bring the defendant before the court. A defendant is not amenable to service of process after his death (*Polony* v. *White* (1974) 43 Cal.App.3d 44, 48 [117 Cal.Rptr. 341]) and either the deceased's personal representative must be substituted (Code Civ. Proc., § 385, subd. (a)) or his insurer served with process (§ 385, subd. (b)) for the case to continue; hence, the court's jurisdiction to try a case is lost upon the defendant's death (*Wills* v. *Williams, supra*, 47 Cal.App.3d at p. 946).

■ The defendant here having died, the court could have allowed the action to continue against her personal representative or her insurer, but it could take no action without someone to defend the case. (*Estate of Edwards* (1978) 82 Cal.App.3d 885, 893 [147 Cal.Rptr. 458]; *De Leonis* v. *Walsh* (1903) 140 Cal. 175, 179 [73 P. 813].) The record shows neither the appointment of a personal representative for defendant nor the service of process upon her insurance company.

Nor does the continued presence of the deceased defendant's attorneys satisfy the rule. Power and authority of an attorney dies with the client. (*Judson* v. *Love, supra*, 35 Cal. at p. 467.) Since defendant's attorneys were neither joined as parties nor appeared on behalf of defendant's substituted representative or insurer, they acted without authority and cannot be deemed to have taken the place of defendant.

There being no defendant in the case, the trial court's order to dismiss was in excess of its jurisdiction and void.[5] (*McCreery* v. *Everding*

---

[5]There is authority stating a judgment rendered on behalf of a dead person is merely voidable, but all such cases are distinguishable from the present case. (See *Phelan* v.

(1872) 44 Cal. 284, 286; *Judson* v. *Love, supra,* 35 Cal. at p. 467; *De Leonis* v. *Walsh, supra,* 140 Cal. at p. 179; *Estate of Edwards, supra,* 82 Cal.App.3d at p. 893.)

Although we could simply reverse on the basis of lack of jurisdiction to make the order, this would not settle the questions raised by the parties as to whether section 583, subdivision (b), has been tolled, depending on certain contingencies, so that the cause can proceed on its merits. We therefore now turn to these questions.

■ Plaintiff contends defendant's death tolled the five-year limit of Code of Civil Procedure section 583, subdivision (b).

Code of Civil Procedure section 583, subdivision (b), requires dismissal unless an action is brought to trial within five years from the date it was filed. (*Bosworth* v. *Superior Court* (1956) 143 Cal.App.2d 775, 778 [300 P.2d 155].) Subdivision (f) of section 583 exempts from the five-year period the time when the defendant is not amenable to service of process and the court's jurisdiction to try the case is suspended. We have already held that the court's jurisdiction to try the case was suspended upon defendant's death and it never regained jurisdiction because no personal representative was appointed and defendant's insurer was never served with process. In addition, since defendant was deceased, she was not amenable to service of process. (*Polony* v. *White, supra,* 43 Cal.App.3d at p. 48.) Nor was her personal representative substituted or her insurer served. This case fits the exemption under section 583, subdivision (f), and the five-year limit was therefore tolled.

Plaintiff contends that after defendant's death he elected to proceed against defendant's insurer pursuant to the procedure in Probate Code section 709[6] and the five-year limit of Code of Civil Procedure section

---

*Tyler* (1883) 64 Cal. 80, 82 [28 P. 114], concerning defendant's death pending appeal to Supreme Court; *Tyrrell* v. *Baldwin* (1885) 67 Cal. 2, 4-5 [6 P. 867], where deceased plaintiff's interest in the case had been transferred prior to his death; *Wallace* v. *Center* (1885) 67 Cal. 133, 134, with facts similar to the present case, but decided prior to the enactment of Code Civ. Proc., § 583, subd. (f); *Todhunter* v. *Klemmer* (1901) 134 Cal. 60, 63 [66 P. 75], where the deceased plaintiff's interest in the case was assigned to other plaintiffs.)

[6]Probate Code section 709 provides in relevant part: "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner file his claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had against decedent's estate in the action unless proof is made of such filing or presentation; provided,

583, subdivision (b), was tolled until he made this election. He argues that Code of Civil Procedure section 385 and Probate Code section 709 provide alternate avenues of procedure upon a defendant's death.

A cause of action for personal injuries survives the death of the defendant. (Prob. Code, § 573.) Upon the defendant's death, the plaintiff has two avenues of procedure available under Code of Civil Procedure section 385.[7] Under subdivision (a), the plaintiff may continue proceedings against the defendant's personal representative. The court may appoint a personal representative for good cause upon its own motion or the motion of an interested party. (Code Civ. Proc., § 385, subd. (b).) Under subdivision (b), the plaintiff may proceed directly against the defendant's insurer if four requirements are met: (1) the defendant has liability insurance applicable to the action; (2) damages sought do not exceed the insurance limit or excess damages have been waived; (3) the defendant's estate otherwise qualifies for summary probate procedure under Probate Code section 630; and (4) the insurer has been served with the complaint.

Plaintiff is mistaken as to his ability to proceed against defendant's insurer under Probate Code section 709. Section 709 does not provide a procedural alternative to Code of Civil Procedure section 385; it is

---

if the action which is pending is an action for damages and the decedent was insured therefor and the insurer has accepted the defense of the cause and an appearance has been made in such action on behalf of the decedent, no claim shall be required except for amounts in excess of or not covered by such insurance;..."

[7]Code of Civil Procedure section 385 provides: "(a) An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.

"(b) In the case of an action for injury to or for the death of a person caused by the wrongful act or neglect of the defendant, and the defendant dies after the commencement of the action, the action may be continued, against the decedent as the original party defendant without the appointment of a representative or successor in interest, if the decedent had liability insurance applicable to the cause of action, the amount of damages sought in the action does not exceed the maximum amount of such insurance, or recovery of excess thereof is waived, and the estate of the decedent otherwise qualifies for summary probate proceedings pursuant to the provisions of Section 630 of the Probate Code. No action may be continued under this subdivision unless the insurer has been served with the complaint filed in the action. For good cause, the court, upon motion of an interested person or upon its own motion, may order the appointment of a personal representative and his substitution as the defendant."

merely a statutory exception to the general statutory requirement for filing claims against an estate.

Section 709 provides the general requirement that a plaintiff in a pending action must file a claim with the clerk or the defendant's executor or administrator for allowance or rejection. An exception is made where the pending action is one for damages, the claim does not exceed applicable insurance limits, and the defendant's insurer has accepted the defense and made an appearance in the case. In this situation, section 709 merely relieves the plaintiff under the stated circumstances of the duty to file a claim with the defendant's estate.

Code of Civil Procedure section 385 provides the proper alternative procedures to continue a case after the defendant's death. If the plaintiff elects to proceed against the defendant's personal representative pursuant to section 385, subdivision (a), the plaintiff must still file a claim for damages with the clerk or the defendant's executor or administrator under Probate Code section 709. If, however, the plaintiff chooses to proceed directly against defendant's insurer pursuant to section 385, subdivision (b), Probate Code section 709 provides that a claim must be filed only for damages in excess of the insurance limit. If the plaintiff waives excess damages, no claim need be filed.

It is clear plaintiff's attempt to proceed under Probate Code section 709 must fail. Furthermore there is no evidence plaintiff complied with the requirements of Code of Civil Procedure section 385, subdivisions (a) or (b). Plaintiff made no motion to appoint a personal representative for the deceased defendant. There is nothing in the record to show the insurer was served with the complaint or defendant's estate qualified for summary probate proceedings under Probate Code section 630. Thus plaintiff never made a valid election to proceed.

The next question is, for how long was the statute tolled? The complaint was filed almost seven years ago. The defendant died nearly three years ago. It was within plaintiff's power to continue the proceedings by moving the court to appoint a representative or by serving defendant's insurer. (Code Civ. Proc., § 385.) He did neither.

Allowing such a lengthy delay violates the very purpose of Code of Civil Procedure section 583, subdivision (b) (see *Hunot v. Superior Court* (1976) 55 Cal.App.3d 660 [127 Cal.Rptr. 703]), the purpose being to expedite trials (*Lord v. Ingels* (1944) 64 Cal.App.2d 559, 563

[149 P.2d 72]) and rid the docket of stale cases (*Mustalo* v. *Mustalo* (1974) 37 Cal.App.3d 580, 584 [112 Cal.Rptr. 594].) But section 583, subdivision (f), does not supply a time limit; nor does it impose upon plaintiff a duty to expedite matters by seeking appointment of defendant's personal representative, proceeding against defendant's insurer or probating defendant's estate as a creditor. (*Wills* v. *Williams, supra,* 47 Cal.App.3d at p. 946.) As stated in *Polony* v. *White, supra,* 43 Cal. App.3d at page 48: "The statute does not define a duty nor impose an obligation, it merely deals with a defined state of facts and declares the legal consequence that flows therefrom. The fact is the nonamenability [to court process] and the consequence is a tolling of the statute." If the Legislature had intended to set a time limit on the section 583, subdivision (f), exemption, it could easily have done so. The Legislature having failed to do so, we are "not at liberty to [create] our own." (P. 48.) We hold defendant's death suspended the trial court's jurisdiction to try the case and tolled the running of the five-year limit of Code of Civil Procedure section 583, subdivision (b). Since plaintiff never made a valid attempt to proceed thereafter and indeed is not required by law to do so, the five-year limit has not yet been exceeded. Having so decided, we do not reach other contentions raised by respondent.

The judgment of dismissal is reversed. The parties shall bear their own costs on appeal.

Puglia, P. J., and Paras, J., concurred.

A petition for a rehearing was denied March 31, 1981.