ARGONAUT INSURANCE
COMPANY, Plaintiff,

v.

HALVANON INSURANCE COMPANY,
Defendant.

Halvanon Insurance Company, Third–
Party–Plaintiff–Appellant,

v.

Reasuransi Unum Indonesia, Seguros
La Republica S.A.; Milli Resasurans
T.A.S.; Administratia Asigurarilor de
Stat; Kemper de Mexico, Campania
de Seguros S.A.; Allami Biztostito;
Northwest Facilities Inc; C.J.V. Asso-

ciates Inc; Srmc Management Corp;
M.T.R. Agencies Ltd; Dependable Insurance Agencies Limited; Planet Coverages Inc; Inram; ADA VIS Globel Enterprises, Third–Party–Defendants–Appellees.

Czarina LLC, Plaintiff–Appellant,

v.

Seguros La Territorial, Defendant–
Appellee.

No. 99–57012, 99–57013.
D.C. CV–99–00108–MLH/RBB.
D.C. CV–99–01578–JSR (CGA).

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2001 *.

Decided May 23, 2002.

Before RYMER and RAWLINSON, Circuit Judges, and POGUE,** CIT Judge.

ORDER GRANTING PETITION FOR
REHEARING AND WITHDRAWING
MEMORANDUM

The appellee's motion for leave to file a late petition for rehearing is GRANTED. The petition for rehearing received March 8, 2002, shall be deemed filed.

Judges Rymer and Pogue vote to grant the petition for rehearing, and Judge Rawlinson votes to deny. The petition for rehearing is GRANTED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable Donald C. Pogue, Judge, Court of International Trade, sitting by designation.

The memorandum filed December 11, 2001, is withdrawn.

### MEMORANDUM ***

In these consolidated appeals, Czarina, L.L.C. challenges the district court's order in No. 99–57012 vacating Czarina's writ of execution against Seguros La Territorial (now Kemper de Mexico, Compania de Seguros, S.A., which we refer to as "La Territorial"), and an order in No. 99–57013, granting La Territorial's motion to dismiss Czarina's complaint seeking the same assets that were sought in its application for issuance of the writ of execution on third-party ADA VIS, La Territorial's California broker. Both actions arise out of Czarina's efforts to collect a judgment obtained by its predecessor in interest, Halvanon Insurance Company, against La Territorial. The district court in No. 99–57012 ruled that the application was time-barred, and the court in No. 99–57013 dismissed the complaint on the ground of res judicata. We agree that Czarina failed to show that service of process was unavailable during the ten-year limitations period imposed by Cal.Civ.Proc.Code § 337.5. Accordingly, there is no basis for applying the tolling provisions of Cal.Civ. Proc.Code § 351.

It is undisputed that La Territorial is a Mexican corporation. The Inter–American Convention on Letters Rogatory, 28 U.S.C. § 1781, became effective in the United States in 1988. Mexico and the United States are signatories. La Territorial was amenable to service under the Convention protocol, but there is no indication that Czarina tried to accomplish substituted service pursuant to the Convention. Having offered no explanation or evidence for failing to do so, there is no basis for *tolling* the ten-year statute of limitations because service was available during the statutory period. For this reason, Czarina's actions are barred.

Given this disposition, we have no need to reach other issues raised by either party.

AFFIRMED.

RAWLINSON, Dissenting.

Because Section 2111 of the California Corporations Code ("Section 2111") provides for service of process on a foreign corporation through the Secretary of State, California courts have held that Section 2111 renders the provisions of § 351 inapplicable to foreign corporations that are amenable to service of process through the Secretary of State. *Cardoso v. American Medical Systems, Inc.*, 183 Cal.App.3d 994, 228 Cal.Rptr. 627, 630 (1986); *see also Loope v. Greyhound Lines, Inc.*, 250 P.2d 651, 614 (1952).

The California cases contain no reference to service of process under the provisions of the Inter–American Covention on Letters Rogatory. Further, in *Herring v. Peterson*, 116 Cal.App.3d 608, 172 Cal. Rptr. 240, 242 (1981), a California appeals court recognized that the "words amenable to service of process include any procedural requirement that must be met before the court obtains or regains jurisdiction." (internal quotation marks omitted). Minimum contacts must exist before a court may exercise jurisdiction. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *see also Simms v. Steverson*, 88 Cal. App.4th 693, 106 Cal.Rptr.2d 193, 205 (2001). Thus, if a corporation does not have contacts with the state of California, and California cannot exercise personal jurisdiction over the corporation, the corporation is not amenable to service of process under Section 2111.

---

*** This disposition is not appropriate for publication and may not be cited to or by the court of this circuit except as may be provided by Ninth Circuit Rule 36–3.

There is no evidence in the record that Territorial had contact with the state of California prior to 1995. Absent contacts, California could not exercise personal jurisdiction over Territorial. Therefore, Territorial was not amenable to service of process, and the tolling provision set forth in § 351 is not affected by Section 2111. Accordingly, I would reverse.