Filed 6/20/16  Smith v. Evans CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JAMES J. SMITH, as Trustee, etc., | B267046 |
| Petitioner and Appellant, | (Los Angeles County Super. Ct. No. KP013220) |
| v. | |
| ROBERT D. EVANS, as Executor, etc. | |
| Objector and Respondent. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Maria E. Stratton, Judge.  Reversed.

        Driskell & Gordon and Robert L. Driskell for Plaintiff and Appellant.

        Allen & Kimbell, John H. Parke and James M. Sweeney for Defendant and Respondent.

## I. INTRODUCTION

Plaintiff, James J. Smith, appeals from the dismissal of an action against defendant, Robert D. Evans, Jr.  At issue is the failure to bring the case to trial within five years pursuant to Code of Civil Procedure[1] section 583.360.  As will be noted, defendant died before the expiration of the five-year period.  Defendant's son filed the dismissal motion.  There was no evidence defendant's son was legally authorized to do so.  Judge Maria E. Stratton granted the dismissal motion.  Plaintiff contends defendant's death tolled the five-year period under section 583.340, subdivision (a).  We agree and reverse the judgment and order of dismissal.

## II. BACKGROUND

Arthur George Diack died on December 4, 1984.  His wife, Consuelo Diack Evans, was the executor of his estate.  On May 14, 1993, the probate court issued an order settling Mr. Diack's estate and establishing a Wife's Trust, Martial Trust and Family Trust.  Ms. Evans was named as trustee and plaintiff was named as alternative trustee of the Wife's and Marital Trusts.  In addition, Ms. Evans and plaintiff were named co-trustees of the Family Trust.  Plaintiff became trustee of the three trusts after Ms. Evans died in 2008.  At the time of her death, Ms. Evans was married to defendant.

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

On October 5, 2009, plaintiff, as trustee of the trusts established under the Estate of Arthur George Diack, filed a petition for an order directing transfer of property to the trusts pursuant to Probate Code section 850, subdivision (a)(3)(B). The case was assigned case No. KP013220. The petition alleges defendant is Ms. Evans's personal representative and executor of her estate. Upon Ms. Evan's death, all principal held in the Marital Trust was to be distributed to the Family Trust. Likewise, all principal not withdrawn or appointed from the Wife's Trust was to be distributed to the Family Trust. The petition alleges defendant wrongfully holds property that should have been distributed to the Family Trust upon Ms. Evans's death. The petition seeks an order directing defendant to transfer all wrongfully held property to plaintiff as trustee of the Family Trust.

On December 9, 2009, defendant filed objections to the petition. Defendant alleges the May 14, 1993 order allocated common stock shares of Mr. Diack's company, A George Diack Inc. According to defendant, the stock was equally allocated to the Wife's Trust and the Marital Trust. In addition, the commercial real property leased to the company in the City of Industry was allocated one-half to the Wife's Trust and one-half to the Marital Trust. Defendant claims in his objections that in 1994 Ms. Evans, acting as trustee of the Wife's and Marital Trusts, transferred shares of the A. George Diack, Inc. stock. The stock was held by the Wife's Trust and it was transferred to the Marital Trust. In exchange, the Wife's Trust received the half interest held by the Marital Trust in the City of Industry real property. Defendant alleges in his objections at the time the assets were exchanged, they were of equivalent value. Defendant asserted as trustee

3

of the Marital Trust, Ms. Evans duly exercised her power to invade principal by distributing assets of the Marital Trust to herself under the May 14, 1993 order. Further, defendant claims Ms. Evans exercised her power to withdraw all assets of the Wife's Trust and terminated that trust in 1994. Ms. Evans then transferred the assets withdrawn from the Wife's Trust to the Consuelo Diack Evans Trust of 1988. Prior to her death, Ms. Evans was the trustee of the Consuelo Diack Evans Trust. After Ms. Evan's death, defendant succeeded her as trustee of the Consuelo Diack Evans Trust.

On February 15, 2012, the parties declared they were ready for trial on the petition. Judge Salvatore T. Sirna set the matter for a five-day court trial on April 16, 2012. On March 29, 2012, defendant moved to relate and consolidate case No. KP013220, with another probate action, *In the matter of The Consuelo Diack Evans Trust of 1988* (Super. Ct., L.A. County, 2012, No. GP014912). Defendant argued the two actions were related because they involved the legality of the swap of A. George Diack, Inc. stocks for the half interest in the City of Industry real property. Defendant sought reimbursement from plaintiff for payment of Ms. Evan's estate taxes, including the City of Industry real property. Plaintiff opposed the motion to relate, transfer and consolidate the two actions. On April 9, 2012, Judge Sirna continued the final status conference to April 30, 2012, to hear the motion on that date. The motion to relate, transfer and consolidate the two actions was later denied without prejudice. However, defendant was ordered to refile the request in Departments 1 and 5. The June 14, 2012 status conference was continued after defense counsel claimed he was unable to get the motion heard by Departments 1 or 5. The trial date was continued to September 24, 2012.

4

On July 2, 2012, A. George Diack, Inc. and two of its managing employees, Thomas Gonzales and Robert Whitmarsh, filed an action against defendant. The new action was for contract breach, imposition of constructive trust and breach of a third-party beneficiary contract. On July 9, 2012, A. George Diack, Inc. and the two managing employees filed a notice of related cases. They sought to relate case No. KC064169, to the other cases, case Nos. KP013220 and GP014912. On September 10, 2012, Judge Sirna ordered the three cases related and transferred to his department for all future proceedings.

At the September 13, 2012 status conference, the parties stipulated to the appointment of a referee to hear and decide the three related cases. The September 13, 2012 order from Judge Sirna states: "The court reads and considers the stipulation of the parties agreeing to the appointment of the Honorable Thomas F. Nuss, Retired Superior Court Judge, as referee pursuant to agreement of the parties in accordance with Code of Civil Procedure [s]ection 638(a) to hear and determine all issues of fact and law in the following matters, case numbers KP013220, GP014912 and KC064169 and to issue a statement of decision upon which Judgment shall be entered in accordance with . . . [s]ection 644(a). [¶] The parties are to meet and confer with Judge Nuss and schedule trial directly with Judge Thomas Nuss." Judge Sirna also set a hearing on April 12, 2013, regarding the status of the general reference.

The November 5, 2012 stipulation and judicial reference order appointed Retired Judge Nuss as a referee pursuant to section 638, subdivision (a). The stipulation and order for judicial reference states: "This general reference is to be a complete and final

5

adjudication of all issues in the above-reference actions, subject to any appeal of the final judgment. Thus, the referee may hear all pre-trial motions as well as all post-trial motions including, but not limited to, any motion to stay execution, to tax costs, to vacate the judgment or for a new trial. . . . [¶] Trial shall be scheduled directly with the referee. All dates for the completion of discovery are hereby extended and shall be recalculated from the trial date scheduled with the referee as if that date were the original trial date. Pursuant to [Los Angeles Superior Court] Rule 3.9(a), the prevailing party upon report of the statement of decision by the referee after trial shall file a noticed motion requesting the Court to issue judgment consistent with the report of the referee. . . . [¶] Pursuant to [Los Angeles Superior Court] Rule 3.24(c)(3), the Court shall exempt the above referenced matters from the case-disposition time goals set forth in Rule 3.24(c)(2) for the exceptional circumstances considered by the Court in ordering that the matters be deemed related and transferred to Department EaG and in ordering that the general reference be made under [section] 638(a) to the Honorable Thomas F. Nuss, Ret. Superior Court Judge."

On April 1, 2013, the parties had a conference with Retired Judge Nuss. Patrick H. Aspell appeared as counsel for counsel for A. Diack, Inc., Mr. Gonzales and Mr. Whitmarsh. John H. Parke appeared as counsel for defendant. Before Retired Judge Nuss, the attorneys discussed their need for undisclosed future discovery. This undisclosed future discovery had not started in the action against defendant filed by A. Diack, Inc., Mr. Gonzales and Mr. Whitmarsh. Retired Judge Nuss set a trial date for June 17, 2013. But sometime before April 12, 2013, Retired Judge Nuss informed the

6

parties he was retiring from alternative dispute resolution and could not hear the cases. At the April 12, 2013 status hearing, Robert L. Driskell, plaintiff's counsel, informed Judge Sirna of Retired Judge Nuss's retirement from alternative dispute resolution. Mr. Driskell indicated the parties intended to seek the appointment of a new referee. Judge Sirna set a status conference for June 3, 2013, to consider appointment of a new referee to hear the case. Judge Sirna also ordered, "Trial shall be completed by September 13, 2013."

The parties agreed on a new referee, Retired Judge J. Michael Welch. On September 16, 2013, the parties met with Retired Judge Welch. Retired Judge Welch offered either November 18, 2013, or January 13, 2014, as trial dates. Plaintiff agreed to both trial dates. But Mr. Driskell, plaintiff's attorney, stated the other parties could not yet pick a trial date. Mr. Driskell stated that discovery proceedings had not been conducted in the lawsuit filed by A. George Diack, Inc. and two of its managing employees. On September 20, 2013, Judge Sirna held a status conference with the parties. In September and October 2013, Mr. Driskell contacted Mr. Aspell and Mr. Parke several times to schedule a trial date with Retired Judge Welch. Mr. Aspell and Mr. Parke told Mr. Driskell they were conducting discovery and negotiating a settlement. Meanwhile, plaintiff had run out of money in the trust account. Mr. Driskell was willing to continue working on the case, but did not want to advance the cost of the reference. Plaintiff was not able to advance the reference cost from his personal funds. The other parties indicated they might pay for the reference. But Mr. Aspell and Mr. Parke also

told Mr. Driskell their clients were close to a global settlement. Mr. Driskell stated he was not included in the settlement discussions.

In early 2014, Judge Sirna was reassigned to a criminal trial department. The cases were reassigned to Judge Robert A. Dukes. During the seven status conferences with Judge Dukes in 2014, Mr. Aspell and Mr. Parke informed the court the parties were close to settlement. Mr. Driskell again stated he was not involved in the settlement discussions. Meanwhile, defendant died on August 30, 2014.

Following a status conference on October 6, 2014, Mr. Driskell obtained a memorandum concerning a proposed settlement. Mr. Parke later sent Mr. Driskell a proposed settlement agreement and release. On November 10, 2014, Mr. Driskell informed Mr. Aspell and Mr. Parke that plaintiff could not agree to the proposed settlement agreement. At status conferences in November and December 2014, Mr. Driskell told Judge Dukes that settlement was not imminent. Although Mr. Driskell requested a trial date, no trial date was set. On January 14, 2015, Judge Dukes transferred the related cases to Department 5 for a trial settling conference on February 24, 2015.

At the February 24, 2015 conference, plaintiff requested a 30-day continuance to allow the parties to determine whether Mr. Aspell's and Mr. Parke's clients would pay for the reference costs. Defendant's counsel stated that a motion to dismiss for failure to bring the case to trial within five years would be filed. The parties agreed to continue proceedings to March 24, 2015. At the March 24, 2015 hearing, Judge Stratton offered January 4, 2016, as the trial date. Plaintiff requested an April 2015 trial date. As noted,

8

Mr. Parke was representing defendant. Mr. Parke advised Judge Stratton that defendant had passed away the prior summer. Defendant's counsel also inquired of Judge Stratton whether the motion to dismiss should be filed with her or the new referee, Retired Judge Welch. The parties agreed defendant's counsel could bring the motion to dismiss with the trial court without waiving the reference.

On April 17, 2015, defendant's son, Robert D. Evans III, filed a motion to dismiss for failure to bring the action to trial within five years. There was no evidence defendant's son had been appointed as an administrator or an executor of an estate. There was no evidence that administration or probate proceeding had been commenced for defendant's estate. At the April 22, 2015 status conference, Mr. Parke appeared on behalf of defendant's son. Mr. Parke stated, "My client agreed to advance the entire cost of the judicial reference." Mr. Parke also indicated the dismissal motion to dismiss had been filed with the probate court. Judge Stratton continued the matter to June 9, 2015, to hear the motion to dismiss.

On June 9, 2015, Judge Stratton heard arguments on the motion to dismiss for failure to bring the action to trial within five years. On July 23, 2015, Judge Stratton granted the motion to dismiss under section 583.360, subdivision (a). Judge Stratton explained the petition was filed on October 5, 2009, but was not brought to trial before October 5, 2014.

Judge Stratton found none of the grounds for tolling the five-year period applied. Judge Stratton reasoned there was no tolling under section 583.340, subdivision (a) because the general reference did not deprive the court of jurisdiction. Likewise, section

9

583.340, subdivision (b) was inapplicable because the action was not stayed.  Judge Stratton explained:  "[Plaintiff] cannot meaningfully contend that the matter was 'stayed' while the parties attempted settlement with the referee in this case.  The parties could, and did, return to court to vacate the reference order.  No formal order staying this matter has ever been entered by the court.  Therefore, no time can be tolled by reason of a stay or injunction of the action."  Finally, Judge Stratton found section 583.340, subdivision (c) did not toll the five-year period because bringing the action to trial was not impossible, impracticable or futile.  Judge Stratton reasoned:  "[Plaintiff] argues that bringing this action to trial would have been impossible.  He specifically points to the other parties' filing of additional actions and their repeated representations that they were close to settlement.  He also notes that [he] could not pay the referee, which delayed the setting of a trial date.  He points to Judge Nuss's retirement and the need to select a successor referee.  None of the points raised by [plaintiff] indicate that trial was impossible. . . .  [¶]  As stated above, [plaintiff] made no attempt to vacate the reference order during this period, and made no request to the court for a trial date.  [Plaintiff] first requested a trial date from the reference in November 2014, *after* the five-year period had already expired. . . .  [Plaintiff's] failure to bring this case to trial . . . was not impossible."

Plaintiff filed a notice of appeal on September 15, 2015.

10

## III.  DISCUSSION

### A.  Dismissal for Failure to Bring Action to Trial Within Five Years

An action must be brought to trial within five years after it is commenced against a defendant.  (§ 583.310.)  The action will be dismissed by motion of the court or defendant, after notice to the parties, if the action is not brought to trial within five years.  (§ 583.360, subd. (a).)  Section 583.360, subdivision (b) provides:  "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."  Section 583.340 provides statutory exceptions to mandatory dismissal of the action under section 583.360, subdivision (b).  Section 583.350 states:  "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:  [¶]  (a)  The jurisdiction of the court to try the action was suspended.  [¶]  (b)  Prosecution or trial of the action was stayed or enjoined.  [¶]  (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."  Our Supreme Court has stated, "In construing these provisions, 'the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action . . . .'  (§ 583.130.)"  (*Gaines v. Fidelity Nat. Title Ins. Co.*

11

(2016) 62 Cal.4th 1081, 1090; accord, *Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 693.)

### B. Time Excluded Based on Suspension of Court Jurisdiction

Plaintiff argues the trial court erred in dismissing the case because suspension of the trial court's jurisdiction tolled the five-year period under section 582.340, subdivision (a). Although plaintiff did not raise this issue below, we consider the argument on appeal because it concerns the absence of Judge Stratton's jurisdiction to consider the dismissal motion. (*Herring v. Peterson* (1981) 116 Cal.App.3d 608, 611 ["Although this issue is not briefed by the parties, it is so basic to the validity of the trial court's order that it cannot be ignored"]; see *Johnson v. Simonelli* (1991) 231 Cal.App.3d 105, 107, fn. 1, disapproved on another ground in *ITT Small Business Finance Corp. v. Niles* (1994) 9 Cal.4th 245, 253.)

We conclude the five-year statutory period for bringing the action to trial was tolled under section 582.340, subdivision (a). Defendant died on August 30, 2014. Defendant's counsel notified the trial court of defendant's death at the March 24, 2015 hearing. But there is no evidence defendant's estate was probated or a personal representative was appointed in his stead. Where a defendant dies and no personal representative is substituted, the trial court lacks jurisdiction. (*Pham v. Wagner Litho Mach. Co.* (1985) 172 Cal.App.3d 966, 973 (*Pham*); *Herring v. Peterson, supra,* 116 Cal.App.3d at pp. 611-612.) Our Supreme Court explained, "Lack of jurisdiction in its

12

most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties . . . . [¶] But in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations. For the purpose of determining the right to review by *certiorari*, restraint by prohibition, or dismissal of an action, a much broader meaning is recognized. Here it may be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites. Thus, a probate court, with jurisdiction of an estate, and therefore over the appointment of an administrator, nevertheless acts in excess of jurisdiction if it fails to follow the statutory provisions governing such appointment." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288; accord, *Pham, supra,* 172 Cal.App.3d at p. 971, fn. 6.) The tolling provision based on suspension of court jurisdiction to try the action encompasses both lack of fundamental jurisdiction and acts in excess of jurisdiction. (*Pham, supra,* 172 Cal.App.3d at pp. 970-971; *Herring v. Peterson, supra,* 116 Cal.App.3d at pp. 612-613.)

A party's death suspends the trial court's jurisdiction until the appointment of a personal representative. (*Pham, supra,* 172 Cal.App.3d at pp. 972-973; *Herring v. Peterson, supra,* 116 Cal.App.3d at p. 613; *Wills v. Williams* (1975) 47 Cal.App.3d 941, 945; see *Watts v. Crawford* (1995) 10 Cal.4th 743, 750, fn. 14.) Here, defendant's death suspended the trial court's jurisdiction and tolls the five-year period. Defendant's son moved to dismiss for delay of prosecution on April 17, 2015. But there is no evidence

defendant's son requested appointment as a personal representative, executor or trustee before filing the dismissal motion. Further, defendant's son did not seek substitution as successor in interest in a related action, case No. KC064169, until October 13, 2015. Moreover, the continued presence of Mr. Parke, who represented defendant, did not confer continued jurisdiction. (*Herring v. Peterson, supra,* 116 Cal.App.3d at p. 612.) The authority of Mr. Park did not survive the death of defendant. Thus, defendants death left no one to prosecute the underlying action on his behalf. (*Pham, supra,*172 Cal.App.3d at pp. 972-973; *Herring v. Peterson, supra,* 116 Cal.App.3d at p. 613.) Furthermore, section 583.340, subdivision (a) does not supply a time limit or impose upon plaintiff an obligation to expedite matters. (*Schwenke v. J & P Scott, Inc.* (1988) 205 Cal.App.3d 71, 78; *Herring v. Peterson, supra,* 116 Cal.App.3d at p. 616; *Polony v. White* (1974) 43 Cal.App.3d 44, 48 ["The statute does not define a duty nor impose an obligation, it merely deals with a defined state of facts and declares the legal consequence that flows therefrom"].) Thus, whether a plaintiff is diligent is not part of the analysis under section 583.340, subdivision (a). (*Spanair S.A. v. McDonnell Douglas Corp.* (2009) 172 Cal.App.4th 348, 358; *Schwenke v. J & P Scott, Inc., supra,* 205 Cal.App.3d at pp. 77-78.)

The five-year statutory period for bringing the action to trial was tolled when defendant died on August 30, 2014. The probate court's jurisdiction was suspended upon defendant's death. Defendant died before October 5, 2014, which is five years after the action commenced. When Judge Stratton granted the dismissal motion, the five-year period had not expired. Having concluded the five-year period was tolled under section

583.340, subdivision (a), we need not reach plaintiff's other contentions. This includes contentions concerning additional periods that did not count against the five year period: the time during which the case was subject to reference orders; during periods when it was purportedly impossible to try the case; and conduct of defendants which delayed the trial. We have not decided these issues. And whether they are relevant to when the case must be tried after the remittitur issues is a matter we leave in the probate court's good hands.

## IV. DISPOSITION

The judgment of dismissal is reversed. All parties are to bear their own costs incurred on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

BAKER, J.

15