[No. G000315. Fourth Dist., Div. Three. Sept. 30, 1985.]

DUNG MAHN PHAM, as Administrator, etc., Plaintiff and Appellant, v. WAGNER LITHO MACHINERY CO. et al.,
Defendants and Respondents.

COUNSEL

Greene, O'Reilly, Agnew & Broillet, Browne, Greene, Horvitz & Levy, Ellis J. Horvitz and S. Thomas Todd for Plaintiff and Appellant.

Morgan, Wenzel & McNicholas and Richard J. Murphy for Defendants and Respondents.

---

**OPINION**

**TROTTER, P. J.**—Appellant is the administrator of a probate estate involving the assets of a deceased personal injury plaintiff. ▪▪▪ He contends on appeal the period of time between plaintiff's death and his substitution as plaintiff in her place is not to be included in calculating the five-year period during which the action must be brought to trial. We agree and reverse.

Hoa Minh Pham's right hand was crushed between two rollers of a machine she had been operating at work. She filed the underlying personal injury action on January 9, 1978, and the named defendants answered that year. Plaintiff was killed by her husband (who subsequently took his own life) on September 4, 1979. A second amended complaint (naming as plaintiff Dung Manh Pham, administrator of the estate of Hoa Minh Pham's deceased husband, Tam Pham) was not filed until November 17, 1982.[1]

---

[1]Appellant explains the three-year delay between plaintiff's death and his appointment as administrator of her husband's estate and stipulated substitution as plaintiff in this action by incorporating into his opening brief the following declaration (executed by a law clerk employed by plaintiff's attorneys) which had accompanied his opposition to the underlying dismissal motion:

"1. On September 4, 1979, the plaintiff, Hoa Minh Pham, died at the hands of her husband, Tam Pham, who subsequently took his own life. At that time, it was my assignment to search for potential heirs of the plaintiff.

"2. This project was complicated by the fact that the plaintiff and her family were Vietnamese immigrants, and spoke no English. After an extensive search, employing the use of interpreters and Vietnamese associations both in this country and Canada, it was finally discovered that plaintiff's only surviving heirs were her mother and father, who then resided in Pensacola, Florida. This process took approximately one year from the date of plaintiff's death.

"3. Immediately upon locating the parents, I spoke with them and discovered that they were not even aware of their daughter's personal injury action. In fact no estate had been opened by them for their daughter and no personal representative had been appointed through them for her following her death. I further ascertained that they desired to proceed with the personal injury action. I also discovered that the deceased plaintiff's husband, Tam Pham, had an estate which was being probated by his brother, one Dung Manh Pham. Apparently, the properties of both the plaintiff and her husband were being handled through this estate. Therefore, I immediately contacted Dung Manh Pham, the administrator of the estate, requesting that the estate be substituted into this action as party plaintiff.

"4. Although the administrator consented to the substitution for the within action, his position was that the heirs of the plaintiff's deceased husband were entitled to one-half of the proceeds stemming from a judgment or settlement of this case. This arrangement was unacceptable to plaintiff's heirs, and it took lengthy and delicate negotiations until it was finally agreed by all of the interested parties that the ESTATE OF TAM PHAM would be substituted into the within action as party plaintiff. It was further agreed that the heirs of Tam Pham would release forever any and all rights to any judgment or settlement money stemming from this case. It was not until June 3, 1982, that this Stipulation and Release was finally signed by all of the interested parties and filed with the Court."

Respondents filed their motion to dismiss pursuant to Code of Civil Procedure section 583, subdivision (b)[2] on February 25, 1983. Appellant opposed the motion on the ground section 583, subdivision (f)[3] tolls the five-year statute during any period in which jurisdiction of the court is suspended, and argued jurisdiction had been suspended during the three-year period between plaintiff's death and his substitution as plaintiff in this action. The trial court granted the motion to dismiss on April 18, 1983, and appellant filed his notice of appeal from that order on June 14, 1983.[4]

Respondents rely heavily upon *Andersen v. Superior Court* (1921) 187 Cal. 95 [200 P. 963]. Plaintiff in that case died shortly after commencing the action and a personal representative was not substituted in her stead until many months after the five-year period had expired. Although the *Andersen* court directed issuance of a peremptory writ of mandate to require the trial court to dismiss the action, the 1921 version of section 583 lacked subdivision (f) and the implied exceptions to the statutory mandate recognized by more recent decisions (e.g., *Moran v. Superior Court* (1983) 35 Cal.3d 229, 237-238 [197 Cal.Rptr. 546, 673 P.2d 216]). Consequently, *Andersen* does not govern the outcome of this appeal.[5]

Section 583, subdivision (f) read as follows: "(f) The time during which the defendant was not amenable to the process of the court *and the time during which the jurisdiction of the court to try the action is suspended* shall not be included in computing the time period specified in any subdivision of this section." (Italics added.) ██ ██ ██ ██ ██ ██ Respondents

[2]Subsequent unidentified statutory references are to the Code of Civil Procedure. Section 583 was repealed by Statutes 1984, chapter 1705, section 4. The subject matter of that section is now covered by section 583.110 et seq. Section 583, subdivision (b) provided: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

[3]See now sections 583.240 and 583.340.

[4]The minute entry of April 18, 1983, is not an appealable order. (See Code Civ. Proc., § 581d and 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 58, pp. 4073-4074.) However, Orange County Superior Court records indicate a formal (and appealable) written order of dismissal signed by the court was filed May 2, 1983. We construe the notice of appeal as referring to the appealable May 2, 1983 order. (See Cal. Rules of Court, rule 1(a) and 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 336, pp. 4313-4315.)

[5]*Polony v. White* (1974) 43 Cal.App.3d 44 [117 Cal.Rptr. 341] was a three-year dismissal case (§ 581a, repealed by Stats. 1984, ch. 1705, § 3; see now § 583.110 et seq.) which concluded the statutory period for service and return of process was tolled during the period the deceased defendant's estate had not been probated and no personal representative appointed upon whom process could have been served. The *Polony* court similarly declined to follow an otherwise controlling California Supreme Court decision since the version of former section 581a construed by the Supreme Court in 1899 lacked a tolling provision which had not been added until 1970.

argue the Legislature intended fundamental jurisdiction be absent before subdivision (f) would operate to toll the five-year period[6] and advance *White v. Renck* (1980) 108 Cal.App.3d 835 [166 Cal.Rptr. 701] as supportive of their position. That court sanctioned the trial court's section 583, subdivision (b) dismissal of a minor's medical malpractice action after determining section 583, subdivision (f) refers to jurisdiction in the strict, fundamental sense and that the temporary absence of a guardian ad litem did not deprive the trial court of its power over the subject matter or parties. (*Id.*, at p. 840.) However, *White* relied upon decisions (*Woley* v. *Turkus* (1958) 51 Cal.2d 402 [334 P.2d 12], *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280 and *McRoberts* v. *Gorham* (1971) 18 Cal.App.3d 1040 [96 Cal.Rptr. 427]) which had construed versions of section 583 lacking the language later inserted by subdivision (f).[7] For this reason, and because the *White* court failed to inquire into legislative intent altogether, we examine the issue anew.[8]

Professor Witkin has explained the Legislature's intent in enacting subdivision (d): "The narrower purpose . . . was probably to take cognizance of the new statutory procedure for motion to quash summons . . . and the similar motion to stay or dismiss the action on the ground of inconvenient forum . . . During the proceedings on the motion in the lower court and review of the order in the reviewing court the jurisdiction of the lower court to try the action is 'suspended,' and the time should not run against the plaintiff." (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 103, p. 2766.)

---

[6]The California Supreme Court has emphasized the jurisdictional concept embraces several related ideas and has drawn the following general distinction pertinent to this appeal: "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties. . . . [¶] But in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations. For the purpose of determining the right to review by *certiorari*, restraint by prohibition, or dismissal of an action, a much broader meaning is recognized. Here it may be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites. Thus, a probate court, with jurisdiction of an estate, and therefore over the appointment of an administrator, nevertheless acts in excess of jurisdiction if it fails to follow the statutory provisions governing such appointment." (Original italics.) (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].)

[7]The "suspended jurisdiction" exception to the five-year rule was first added to section 583 as subdivision (d) by Statutes 1970, chapter 582, page 1159, section 2. The exception was then moved to subdivision (f) by virtue of a 1972 amendment to section 583.

[8]See also footnote 5, *ante.* An analysis of legislative intent is proper since section 583, subdivision (f) fails to specify the precise nature of the "jurisdiction" to which it refers. (See generally *Leffel* v. *Municipal Court* (1976) 54 Cal.App.3d 569, 572 [126 Cal.Rptr. 773] and Code Civ. Proc., § 1859.)

The legislative history of subdivision (d) supports Witkin's analysis. Senate Bill No. 575 (1970) was amended in the Assembly to add subdivision (d) to section 583, presumably to conform Senate Bill No. 575 to that part of Senate Bill No. 503 (1969) which had (inter alia) previously added sections 418.10 and 410.30 to the Code of Civil Procedure. Those sections (respectively) prescribe procedures for quashing summons for lack of jurisdiction and for staying or dismissing an action on inconvenient forum grounds. Since the doctrine of inconvenient forum is not jurisdictional (Code Civ. Proc., § 410.30 and Judicial Council com., 14 West's Ann. Codes (1973) pp. 490, 494; Deering's Ann. Code Civ. Proc. (1972 ed.) p. 669), it is fair to conclude the *White* court failed to accord the subdivision the more expansive meaning the Legislature intended. Consequently, subdivision (f)'s tolling provisions are also to be applied where a trial court lacks jurisdiction in the broader sense articulated by *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d at page 288.[9]

There is additional support for our conclusion section 583, subdivision (f) tolled the five-year period. ■ The courts of this state "have established decisionally certain implied exceptions where it would be impossible, impracticable or futile due to causes beyond a party's control to bring an action to trial during the five-year period." (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347].) The Legislature's 1970 addition of subdivision (d) to section 583 merely codified this principle. (See *Moore* v. *Powell* (1977) 70 Cal.App.3d 583, 589 [138 Cal.Rptr. 914]. See also *McDonough Power Equipment Co.* v. *Superior Court* (1972) 8 Cal.3d 527, 533 [105 Cal.Rptr. 330, 503 P.2d 1338] (dictum) and 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 103, p. 2766.)[10] ■ Since the authority of retained

---

[9]This result complements *Herring* v. *Peterson* (1981) 116 Cal.App.3d 608, 613 [172 Cal.Rptr. 240] and *Wills* v. *Williams* (1975) 47 Cal.App.3d 941, 946 [121 Cal.Rptr. 420] which held subdivision (f) tolls the five-year period for bringing an action to trial upon the death of a defendant. There is no cogent reason a different result should obtain upon the death of a plaintiff since a trial court lacks jurisdiction (in *Abelleira*'s broader sense) to proceed upon the death of any party. (See *Collison* v. *Thomas* (1961) 55 Cal.2d 490, 496 [11 Cal.Rptr. 550, 360 P.2d 51].)

We further reject respondents' unsupported contention the entirety of subdivision (f) applies only to defendants. Although "defendant" is mentioned and "plaintiff" or "parties" is not, the subdivision clearly establishes two distinct situations in which time will be excluded from the five-year period: (1) when a defendant is not amenable to process (a plaintiff is never served with a summons and complaint qua plaintiff) and (2) when the court's jurisdiction is suspended. The "plain (ordinary) meaning" rule alone defeats respondents' argument. (See, e.g., *Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist.* (1974) 37 Cal.App.3d 35, 42-43 [112 Cal.Rptr. 27].)

[10]*Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153] determined the time consumed by plaintiff's appeal from an order granting a renewed change of venue motion should not be counted as part of the section 583 five-year period: "The theory of [*Estate of Morrison* (1932) 125 Cal.App. 504 (14 P.2d 102)] seems to us to be

counsel generally does not survive the death of his client (*Swartfager v. Wells* (1942) 53 Cal.App.2d 522, 527-528 [128 P.2d 128]), plaintiff's death here left no person or entity to prosecute the underlying action on her behalf, and any proceedings taken in the absence of her personal representative would have been subject to being declared void. (See *Estate of Edwards* (1978) 82 Cal.App.3d 885, 893 [147 Cal.Rptr. 458].) It was during this period of temporary impracticability and futility that subdivision (f) operated to toll the five-year statute.[11]

■ We finally inquire into the length of time the five-year statute was tolled. *Herring* v. *Peterson, supra,* 116 Cal.App.3d 608, 615-616, observed subdivision (f) does not supply a time limit and concluded plaintiff had no duty to seek appointment of a personal representative for the deceased defendant, proceed against defendant's insurer or probate his estate as a creditor, even though the resulting lengthy delay frustrated the very purpose of

---

equally applicable to a situation where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile. In this connection, a useful analogy may be drawn from the rules on impossibility as a defense in the enforcement of contract obligations. Modern cases recognize as a defense not only objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense. [Citations.] . . . [¶] Counsel for plaintiff, in prosecuting his appeal from the void order, and in taking no steps toward a futile trial in San Francisco, nor any futile steps toward a trial in Los Angeles, acted reasonably and with due regard to the interests of his client and the courts. There was no way in which he could secure a speedier decision by the appellate court. If the actual time on appeal had consumed the whole of the five-year period, could plaintiff have been held barred from going to trial? This would be an amazing miscarriage of justice, penalizing conduct entirely reasonable, and inducing procedure detrimental to the interests of both court and litigants. And the same is true where not the whole period, but a substantial part of it is consumed on appeal. We are therefore led to the conclusion that under the circumstances of this case, the time consumed by the appeal from the order changing venue is not to be counted as part of the five-year period specified by section 583 of the Code of Civil Procedure."

[11]Our decision does nothing more than increase by one the number of instances in which time has been decisionally excised from the five-year period due to impossibility, impracticability or futility. (See, e.g., *Moran* v. *Superior Court, supra,* 35 Cal.3d 229 [time consumed by trial court's failure to set date for trial de novo after arbitration]; *Hartman* v. *Santamarina* (1982) 30 Cal.3d 762 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833] [time consumed by failure to assign new judge after original judge challenged pursuant to Code of Civil Procedure, § 170.6]; *Brunzell Construction Co.* v. *Wagner* (1970) 2 Cal.3d 545 [86 Cal.Rptr. 297, 468 P.2d 553] [time consumed by appeals pending on causes of action against another group of defendants]; *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492] [time consumed by preparation for trial of wrongful death action consolidated with personal injury action]; *Rose* v. *Knapp* (1951) 38 Cal.2d 114 [237 P.2d 981] [time consumed by appeal of adverse judgment in related case]; *City of Pasadena* v. *City of Alhambra* (1949) 33 Cal.2d 908 [207 P.2d 17] [time consumed by preparation of referee's report]; *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61 [168 P.2d 665] [time during which one defendant was in military service]; *Christin* v. *Superior Court, supra,* 9 Cal.2d 526 [time consumed by appeal from order granting change of venue.)

section 583, subdivision (b).[12] This approach would operate to toll the statute during the entire three-year period between plaintiff's death and appellant's substitution as plaintiff in this action. Alternatively, *Stella* v. *Great Western Sav. & Loan Assn.* (1970) 13 Cal.App.3d 732, 739-741 [91 Cal.Rptr. 771] sanctions excluding from the five-year period the time during which it is impracticable or futile to bring a case to trial: "It would seem that the [Supreme Court's] mandate to follow the guidance of section 583 in its entirety and the need for uniformity of application is best served by equating the section with statutes of limitation. [¶] This is accomplished by simply setting aside the period during which the 'futility and impracticability' existed and examining the aggregate 'free time' which remains both before and after the exempt period in the light of the various provisions of section 583 of the Code of Civil Procedure." (*Id.*, at p. 741.) *Stella* would mandate excluding from the five-year period merely the year reasonably consumed by the search for Hoa Minh Pham's heirs. Since the dismissal order was made only three months after the five-year period expired, appellant is entitled to relief under both *Herring* and *Stella*.

Reversed.

Crosby, J., and Wallin, J., concurred.

---

[12]*Polony* v. *White, supra,* 43 Cal.App.3d 44, 48 is even more blunt in discussing section 581a, subdivision (d): "The statute does not define a duty nor impose an obligation, it merely deals with a defined state of facts and declares the legal consequence that flows therefrom. The fact is the nonamenability [to court process] and the consequence is a tolling of the statute. If the Legislature had intended a limitation or an exception to such consequence it could easily have so provided. Having failed to create such limitation or exception we are not at liberty to write our own."

Indefinite tolling is a possibility under a *Herring* v. *Peterson* analysis absent a defense motion for an order appointing a special administrator to substitute as plaintiff. (See Code Civ. Proc., § 385, subd. (a) and Prob. Code, §§ 460-461.)