[No. F009088. Fifth Dist. Apr. 27, 1988.]

BANK OF AMERICA et al., Petitioners, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY,
Respondent;
JACK A. ULRICH, as Trustee in Bankruptcy, etc., Real Party in
Interest.

[No. F009097. Fifth Dist. Apr. 27, 1988.]

UNION BANK, Petitioner, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY,
Respondent;
JACK A. ULRICH, as Trustee in Bankruptcy, etc., Real Party in
Interest.

[No. F009098. Fifth Dist. Apr. 27, 1988.]

TRANSBAY MANAGEMENT CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY,
Respondent;
JACK A. ULRICH, as Trustee in Bankruptcy, etc., Real Party in
Interest.

**COUNSEL**

George W. Coombe, Jr., Winslow Christian, Louis J. Bachleder, Arne D. Wagner, Kroloff, Belcher, Smart, Perry & Christopherson, Christopher Engh, Marc B. Robinson, Damrell, Damrell & Nelson, Wray F. Ladine, James J. Banks, Davis, Young & Mandelson, Michael S. Brown and John B. Dickson for Petitioners.

No appearance for Respondent.

Irvine P. Dungan for Real Party in Interest.

OPINION

FRANSON, P. J.—

## STATEMENT OF THE CASE

Petitioners seek a writ of prohibition and/or mandamus directing the Stanislaus County Superior Court sitting as a coordination trial court to vacate its order specially setting the case for trial and to dismiss the action for failure to bring it to trial within five years as required by Code of Civil Procedure section 583.360.[1] Real party in interest claims the statutory five-year period for bringing the action to trial was extended for two hundred twenty-five days by (1) an order staying depositions in another action filed in El Dorado County which was later coordinated with this case and (2) by an automatic stay of the proceedings under the California Rules of Court[2] governing the coordination of civil actions filed in different courts. (Rule 1501 et seq.)

The basic issue in this case is whether the statutory five-year rule for bringing civil actions to trial applies to coordinated actions, and, if so, whether the statutory time was tolled or otherwise extended by law so that the coordination trial judge had the authority to set the case for trial beyond the five-year period.

We conclude the statutory five-year period applies to coordinated actions. We also conclude the five-year period was not tolled or otherwise extended to give the coordination trial judge the authority to set the case for trial.

A writ of mandate should issue.

## FACTS

The chronology of events is as follows:

| | |
|---|---|
| August 12, 1980 | Rolland and Daisy Smith filed a petition in bankruptcy, and Jack Ulrich was appointed trustee for the bankruptcy estate. |
| November 13, 1981 | Smiths filed an action in El Dorado County for breach of fiduciary duty against petitioners, Bank of America National Trust & Sav- |

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise noted.
[2] All rules referred to are California Rules of Court unless otherwise noted.

ings Association and David Kobriger (B of A), Union Bank (Union), Transbay Management Corporation (Transbay) and others.

February 11, 1982 Smiths filed a similar action in Stanislaus County.

July 1982 Stanislaus County action amended to substitute Jack A. Ulrich, trustee in bankruptcy, as plaintiff rather than Rolland and Daisy Smith.

August 12, 1983 Transbay and B of A filed a motion in the El Dorado County Superior Court to stay further proceedings in that action for 30 days to allow commencement of a coordination proceeding pursuant to rule 1520(b). The motion was made because plaintiff had noticed the depositions of certain Transbay personnel in the El Dorado case without noticing counsel in the Stanislaus case, and petitioners feared the depositions would have to be repeated in the Stanislaus County action. On August 18, 1983, the El Dorado court granted the stay as follows: "The court grants the motion to stay the proceedings for fifteen (15) days from this date with the stay automatically vacated thereafter and with the direction in the minute order that [counsel] . . . shall file the motion for coordination. *The depositions of the parties noticed . . . will be Ordered continued to Tuesday, Sept. 13, 1983, . . . unless petition for coordination has been earlier filed and not ruled on.*" (Italics added.)

September 12, 1983 Counsel for defendant American Heritage Home Loans, Inc., filed a petition for coordination of the El Dorado and Stanislaus County actions with the Chairperson of the Judicial Council. Notice of the petition was filed with the clerks of the El Dorado and Stanislaus Superior Courts.

| | |
|---|---|
| October 12, 1983 | Stanislaus County Superior Court Judge Cantwell was assigned as coordination motion judge. |
| March 12, 1984 | Judge Cantwell granted the coordination motion. |
| March 30, 1984 | Stanislaus County Superior Court Judge Azevedo assigned as coordination trial judge. |
| June 27, 1986 | Judge Azevedo granted petitioners' motion for judgment on the pleadings in the El Dorado action on the ground that Rolland and Daisy Smith lacked standing to sue by virtue of the bankruptcy action and entered judgment accordingly. |
| October 21, 1986 | Real party in interest filed a second amended complaint in the Stanislaus County action. Union demurred and moved to strike. |
| February 1987 | Real party filed a third amended complaint. Petitioners demurred. |
| May 14, 1987 | Judge Azevedo overruled demurrers. |
| July 23, 1987 | Real party filed at-issue memorandum. |
| July 30, 1987 | Real party moved to specially set trial date to be heard on shortened time. Petitioners responded with a request to dismiss the action on the ground real party had failed to bring the case to trial within five years. |
| August 6, 1987 | Judge Azevedo denied the motion to dismiss finding that the five-year period had been extended two hundred twenty-five days to September 24, 1987, because of a stay in the prosecution of the action. Trial was specially set to commence 39 days later on September 14, 1987. |

DISCUSSION

I. *Does the five-year statutory time provision for bringing civil actions to trial apply to coordinated actions?*

The question whether section 583.310 et seq. applies to coordination proceedings arises from the language of the court rules governing coordination of civil actions commenced in different courts. (Rule 1501 et seq.) Rule 1504(a) provides, "Except as otherwise provided in these rules, all provisions of law applicable to civil actions generally apply regardless of nomenclature to an action included in a coordination proceeding if they would otherwise apply to such action without reference to this rule. [However,] [*t*]*o the extent that these rules conflict with such provisions, these rules shall prevail* . . . ." (Italics added.)

■ Several of the Judicial Council rules arguably conflict with the statutory rules governing the time within which civil actions must be brought to trial. For example, rule 1503, entitled "Requests for extensions of time or to shorten time," provides, "The time within which any act . . . required to be done by a party *may be. . . extended by the assigned judge* upon such terms as may be just. . . ." (Italics added.) From this rule it may be argued that the coordination trial judge has the authority to extend the time within which a party otherwise would be required to bring a coordinated action to trial under section 583.310. In other words, under the coordination rule, the statutory five-year rule would not limit the coordination trial judge's discretion to set a coordinated action for trial beyond the five-year period if he found this to be in the interest of justice under the circumstances. However, it is evident from both the title and the context of rule 1503 that it was designed to govern time extensions for the doing of pretrial acts and not for the act of bringing a coordinated action to trial.

■ Real party contends the automatic stay provided by rule 1529 conflicts with the section 583.310 time for bringing a civil action to trial. Thus, under rule 1504(a), the automatic stay provisions prevail. Rule 1529(a) provides that when a petition for coordination is granted, a copy of the order shall be filed forthwith *in each included action.* "When an order granting coordination is filed in an included action, *all further proceedings in that action are automatically stayed, except as directed by the coordination trial judge* . . . ." (Rule 1529(b), italics added.) This rule literally construed suggests that once a copy of the coordination order is filed in the included actions, all further proceedings in the actions, including a trial of the actions, are stayed until some affirmative action is taken by the coordination trial judge to end the stay. Until such time as the coordination trial judge actually sets the case for trial, it cannot be tried. Thus, the time for

trial of coordinated actions is within the sole discretion of the coordination trial judge regardless of the statutory time limits for the trial of civil actions generally.

However, rule 1529(b) must be read in conjunction with rules 1540 and 1541. Rule 1540 provides that upon the granting of a petition for coordination and the assignment of a coordination trial judge, the latter "*[i]mmediately upon his assignment, . . .* may exercise all the powers over each coordinated action of a judge of the court in which that action is pending." (Italics added.) This means the coordination trial judge would have the power to dismiss an included action on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within five years. (§§ 583.310, 583.360.) Thus, the coordination rules contemplate the applicability of the statutory five-year rule to coordinated actions.

Rule 1541(a) provides that the coordination trial judge shall hold a preliminary trial conference preferably within 30 days of the assignment order and at the conference establish a timetable for motions, discovery and the submission of preliminary legal questions that might *expedite* the disposition of the coordinated actions. Most importantly, rule 1541(b) mandates the coordination trial judge to "assume an *active role* in managing all steps of the pretrial, discovery, and *trial proceedings* to expedite the just determination of the coordinated actions *without delay.*" (Italics added.) By reading rules 1529(b), 1540 and 1541 together, we sense a clear Judicial Council intent to maintain the status quo in the included actions by continuing the automatic stay of the proceedings only so long as it takes to have a coordination trial judge assigned. Once the coordination trial judge is assigned, the automatic stay ends and the judge at this point is obligated to move the coordinated cases to trial as quickly as possible. Under our interpretation, rule 1529(b) does not conflict with the statutory five-year period for bringing civil actions to trial; rather, it accommodates the statute.

Real party cites rule 1544 to bolster his argument that the automatic stay in any newly coordinated action continues until the coordination trial judge takes affirmative action to lift the stay. Rule 1544 provides that an order by the coordination trial judge granting a request to add a case to the coordinated action automatically stays all further proceedings in the "add-on" case. The rule does not support real party's contention. We read rule 1544 to state that when an order granting an add-on request is filed, all further proceedings in the added case are stayed. From then on, the issues involved in that controversy are litigated in the coordination action.

■ A further indication of the Judicial Council intent to expedite the trial of coordinated actions and thereby retain the statutory time limits for

trying civil actions is the total absence of authority in the coordination trial judge to stay the proceedings in a coordinated action. Only the presiding judge of a court in an included action in a pending coordination proceeding (rule 1520(b)) or the assigned coordination *motion* judge (rule 1514) may issue stay orders and then only for specified time periods and upon proof of particular circumstances (rule 1514(a), (b)).

■ Other coordination rules suggest the Judicial Council did not intend to exclude from the coordination procedures the statutory time rules for bringing civil actions to trial. Rule 1514(f) provides, "The time during which any stay of proceedings is in effect pursuant to these rules shall not be included in determining whether the action stayed should be dismissed for lack of prosecution pursuant to chapter 1.5 (§ 583.110 et seq.) of title 8 of part 2 of the Code of Civil Procedure." This rule is part of rule 1514 entitled "Stay orders" and follows the subdivision which authorizes the coordination motion judge to issue a stay order for a maximum period of 30 days unless a hearing is held after which the judge may determine the stay order should remain in effect. (Rule 1514(a), (b).) Thus, rule 1514(f) provides, by clear implication, that where no stay has been issued in the coordination proceedings, the statutory five-year rule applies to the coordinated actions.

For the above-stated reasons, we conclude the Judicial Council rules governing the coordination of civil actions do not conflict with the statutory five-year rule for bringing civil actions to trial; hence, the statutory rule applies to each of the coordinated actions. We further conclude the automatic stay under rule 1529(b) does not toll the five-year period beyond the date of assignment of the coordination trial judge. We turn now to the question whether the five-year time period in the present action was extended or tolled for such a period as to allow the coordination trial judge to set the action for trial.

II. *Did the stay in the El Dorado action prior to its coordination with the Stanislaus County action extend the five-year period for trial in the Stanislaus County action?*

Petitioners contend the five-year period to commence trial ran *before* August 6, 1987, the date the coordination trial judge denied the motion to dismiss; hence, the court was without jurisdiction to set the case for trial.

An action must be brought to trial within five years after it is commenced against a defendant, and if not, dismissal is mandatory on the motion of any party or on the court's own motion. (§§ 583.310, 583.360, subd. (a).) The action is "commenced" upon plaintiff's filing the original complaint against defendant. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before

Trial (1987) § 11:193.1, p. 11-63.) Real party in interest filed his complaint in the present action on February 11, 1982. Thus, unless the period was extended, the five years ran on February 11, 1987.

In computing the five-year period, the court excludes any time during which:

(a) the court's jurisdiction to try the action was suspended,

(b) prosecution or trial of the action was stayed, or

(c) bringing the action to trial, for any other reason, was impossible, impracticable or futile. (§ 583.340.) This section, effective January 1, 1985, codified existing case law. (Cal. Law Revision Com. com., 16 West's Ann. Code Civ. Proc. (1988 pocket pt.) § 583.340, p. 47, Deering's Ann. Code Civ. Proc. (1988 pocket pt.) § 583.340, p. 100.)

Real party contends the five-year period in this action was extended two hundred twenty-five days beyond February 11, 1987, i.e., to September 24, 1987. By his calculations the action was stayed in three phases: (1) 55 days between August 18, 1983, and October 12, 1983, by virtue of the El Dorado court order staying that action to a specified date and providing by implication that if a coordination petition were filed by that date the action would be further stayed until the petition was determined. Real party asserts rule 1520(b) as the authority for the exclusion of this period of time; (2) 152 days from October 12, 1983, the date the coordination motion judge was assigned, until March 12, 1984, the date the coordination petition was granted per rule 1514(d);[3] and (3) 18 days from March 12, 1984, when the coordination petition was granted, until March 30, 1984, when the coordination trial judge was assigned per rule 1529(b).[4]

Petitioners concede the action was stayed from the date the coordination petition was granted until a coordination trial judge was assigned pursuant to rules 1529(b) and 1540. Thus, the five-year period was extended eighteen days to March 1, 1987. Petitioners also concede that the period while the petition for coordination was pending may be excluded under rule 1514(d) thereby extending the five-year period by one hundred fifty-two days to July

---

[3] "In the absence of a stay order, a court receiving an order assigning a coordination motion judge may continue to exercise jurisdiction over the included action for purposes of all pretrial and discovery proceedings, *but no trial shall be commenced and no judgment shall be entered in that action.* . . ." (Italics added.)

[4] "When an order granting coordination is filed in an included action, all further proceedings *in that action* are automatically stayed, . . ." (Rule 1529(b), italics added.) The stay terminates when the coordination trial judge is assigned.

31, 1987. This concession appears reasonable since during this period "no trial shall be commenced and no judgment shall be entered . . . ." (Rule 1514(d).)[5] Therefore, under section 583.340 the jurisdiction of the court to try the action was suspended, and the time during the suspension is excluded in computing the five-year period. Petitioners, however, contend there is no authority supporting the 55-day extension based on the El Dorado County stay order.

A. *Was the Stanislaus County action stayed by the El Dorado court stay?*

Respondent court found the stay in the El Dorado action tolled the running of the five-year statute for the Stanislaus County action based on the purpose and intent of the coordination statutes. Neither statutory nor case law supports that conclusion.

██ A trial court may stay all related actions pending *in that court* for a reasonable time, not to exceed 30 days, to allow a party to submit a petition for coordination. (Rule 1520(b).) The El Dorado court did just that on August 18, 1983, when it stayed the El Dorado action for 15 days to allow petitioners time to file a petition for coordination. However, that order had no effect on the Stanislaus County action. Pending coordination, the superior court of one county cannot enjoin the prosecution of a suit in the superior court of another county. (*Wilson* v. *Baker* (1884) 64 Cal. 475, 476 [2 P. 253]; *Wright* v. *Superior Court* (1941) 43 Cal.App.2d 181, 183 [110 P.2d 529].)

Real party could have stayed the Stanislaus County action by applying for an identical stay under rule 1520(b) in Stanislaus County. Or it could have requested a stay from the coordination motion judge pursuant to section 404.5[6] and rule 1514(a).[7] If the coordination motion judge had grant-

---

[5] Rule 1514(d) provides: "In the absence of a stay order, a court receiving an order assigning a coordination motion judge may continue to exercise jurisdiction over the included action for purposes of all pretrial and discovery proceedings, *but no trial shall be commenced and no judgment shall be entered in that action* . . . ." (Italics added.) Rule 1514(f) provides only that the time during which a "stay of proceedings" is in effect is excluded from the computation of the five-year period, and this arguably may be limited to a judicial stay issued under rule 1514 and not to the statutory "stay" under rule 1514(d). Nevertheless, apart from rule 1514(f), if the trial cannot be commenced, it would be impracticable if not impossible to "[bring] the action to trial" as provided by section 583.340. Thus, under the statute, the time between the assignment of the coordination motion judge and the determination of the coordination motion is excluded from the five-year period.

[6] "Pending any determination of whether coordination is appropriate, the judge making that determination may stay any action being considered for, or affecting an action being considered for, coordination."

[7] "An application to an assigned judge for an order pursuant to Section 404.5 of the Code of Civil Procedure staying the proceedings in any action may be included with a petition for

ed a stay, the time during which the stay was in effect would be excluded from the five-year period. (Rule 1514(f).) Real party did not avail himself of either procedure. Consequently, the five-year time period for the Stanislaus County action was not tolled during the 55-day period of the El Dorado County stay.

B. *Did the El Dorado stay make bringing the Stanislaus County action to trial impossible, impracticable or futile?*

In addition to granting the 15-day stay, the El Dorado court stayed depositions in that case until a given date "unless petition for coordination has been earlier filed and not ruled on." This court asked the parties to file supplemental briefs addressing whether that order made bringing the Stanislaus County action to trial "impossible, impracticable or futile" under section 583.340, subdivision (c).

The El Dorado order can be interpreted as requiring a stay of proceedings in the El Dorado action until the coordination petition was decided. Real party argues, in effect, the stay of proceedings there made it impracticable or futile for real party to pursue discovery or to engage in further proceedings in the factually identical Stanislaus County case.

■ What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his case. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216].) The exceptions must be interpreted liberally, consistent with the policy favoring trial on the merits. (Cal. Law Revision Com. com., 16 West's Ann. Code Civ. Proc. (1988 pocket pt.) § 583.340, p. 47, Deering's Ann. Code Civ. Proc. (1988 pocket pt.) § 583.340, p. 100.)

■ Plaintiff had the burden of proving the existence of impossibility, impracticability or futility of bringing the Stanislaus action to trial within five years. (*Hoffman* v. *State of California* (1985) 171 Cal.App.3d 1100, 1108 [217 Cal.Rptr. 867].[8]

coordination or may be served and submitted by any party at any time prior to the determination of such petition. An application for a stay order . . . shall list all known related cases pending in any California court and shall state whether the stay order should extend to any such related case. . . ."

[8] Section 583.340, subdivision (c) does not address burden of proof. The Law Revision Commission comment states that the statute codifies the case law " 'impossible, impractical, or futile' " standard. However, the commission comment further provides that the provisions of subdivision (c) "must be interpreted liberally, consistent with the policy favoring trial on

■ Impracticability is not equated with strict impossibility. (*Brunzell Constr. Co.* v. *Wagner* (1970) 2 Cal.3d 545, 552 [86 Cal.Rptr. 297, 468 P.2d 553].) Impracticability or futility lies where it is unreasonably difficult or expensive to bring a case to trial because of circumstances not caused by plaintiff. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 140, pp. 444-446.) Proceeding to trial may be impracticable where it is "excessively difficult and unreasonably expensive" to proceed before other related litigation is resolved. (*Reserve Ins. Co.* v. *Universal Underwriters Ins. Co.* (1975) 51 Cal.App.3d 57, 61-62 [123 Cal.Rptr. 763].) In those cases, the five-year statute is extended by whatever period it takes to complete the collateral litigation. (§ 583.340; see *Arnold* v. *State of California* (1969) 273 Cal.App.2d 575 [78 Cal.Rptr. 309]; *Good* v. *State of California* (1969) 273 Cal.App.2d 587 [78 Cal.Rptr. 316].)

*Pham* v. *Wagner Litho Machinery Co.* (1985) 172 Cal.App.3d 966, 973 [218 Cal.Rptr. 476], footnote 11, sets out factual circumstances in other cases which constituted impossibility, impracticability or futility. These include:

(1) Death of the plaintiff (*Pham, supra,* at p. 973).

(2) Time consumed by a trial court's failure to set a date for trial de novo after arbitration (*Moran* v. *Superior Court, supra,* 35 Cal.3d 229).

(3) Time consumed by failure to assign a new judge after the original judge is challenged per section 170.6 (*Hartman* v. *Santamarina* (1982) 30 Cal.3d 762 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833]).

(4) Time consumed by appeals pending on causes of action against another group of defendants (*Brunzell Constr. Co.* v. *Wagner, supra,* 2 Cal.3d 545).

(5) Time consumed by appeal of adverse judgment in a related case (*Rose* v. *Knapp* (1951) 38 Cal.2d 114 [237 P.2d 981]).

(6) Time consumed by preparation of referee's report (*City of Pasadena* v. *City of Alhambra* (1949) 33 Cal.2d 908).

(7) Time during which one defendant was in military service (*Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61 [168 P.2d 665]).

the merits," citing section 583.130. In light of this policy, we question the applicability of the former cases placing on the plaintiff the heavy burden of proving impossibility, impracticability or futility of bringing the action to trial by clear and convincing proof. Proof by a preponderance of the evidence should suffice.

(8) Time consumed by appeal from order granting change of venue (*Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]).

This court found tolling due to impracticability in two additional cases: *Westinghouse Electric Corp.* v. *Superior Court* (1983) 143 Cal.App.3d 95, 105 [191 Cal.Rptr. 549] held it was impracticable to bring a complex case with numerous cross-complaints and extensive discovery to trial within five years; and *Lazelle* v. *Lovelady* (1985) 171 Cal.App.3d 34 [217 Cal.Rptr. 145] found the five-year period was tolled while the case was trailing on the civil active list.

Real parties rely on *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492]. That case involved consolidated personal injury and wrongful death actions arising out of the same automobile accident. The personal injury action was filed June 15, 1960; however, the wrongful death action did not accrue until August 3, 1963, and was not filed until February 20, 1984. Plaintiffs' actions had to be consolidated pursuant to section 377.[9]

Five years and three months after the personal injury action was filed, defendant moved for dismissal of that action. At the time, the parties had not completed their preparations for trial of the wrongful death action but their unpreparedness was not due to lack of diligence.

The Supreme Court concluded it would have been futile for plaintiffs to have attempted to prosecute their actions in separate and successive trials. Moreover, it was impracticable for them to bring the consolidated actions to trial within five years after the personal injury action was filed because the wrongful death action did not accrue until more than three years after the personal injury action had been filed. (*Id.* at p. 97.)

■ Real party contends *General Motors* is analogous to the case at bar. It was impracticable for him to proceed to trial in the Stanislaus action given the stay of proceedings in the El Dorado action because the issues were the same. We find *General Motors* distinguishable. First, the five-year period for *both* actions expired before petitioners here moved for dismissal. Second, the El Dorado case was dismissed more than 13 months before real party sought a trial date in the present action. Third, the cases were coordi-

---

[9] " 'If an action be brought pursuant to the provisions of this [wrongful death] section and a separate action arising out of the same wrongful act or neglect be brought pursuant to the provisions of Section 573 of the Probate Code [dealing with the survivability of causes of action], such actions *shall* be consolidated for trial on the motion of any interested party.' " (*Id.* at p. 92.)

nated in 1984, more than three years before petitioners moved to dismiss the present action thereby giving real party ample time to prepare the cases with closely related issues for trial.

 Time consumed by ordinary pretrial delays does not excuse failure to bring a case to trial within the five-year period. (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 548 [105 Cal.Rptr. 339, 503 P.2d 1347].) Generally, delays encountered in discovery are part of the "normal delays involved in prosecuting lawsuits" and do not excuse failure to bring a case to trial within the five-year limit. Plaintiff must show it was impossible or impracticable to proceed to trial without the delayed discovery. (*Gentry* v. *Nielsen* (1981) 123 Cal.App.3d 27, 35 [176 Cal.Rptr. 385].) In *Gentry,* plaintiffs contended bringing their case to trial was impracticable because of defendant's failure to appear at numerous times scheduled for the taking of his deposition. The court rejected the claim because Gentry made no showing the deposition delays created a futility in proceeding to trial within the five-year period. (*Ibid.*)

 Real party did not show that it was futile to proceed to trial before the five years had run. Petitioners argue that the Stanislaus action was delayed by real party's inability to file a nondefective complaint until February 1987, caused by a dispute between real party's counsel and the counsel for the Smiths. However, there was no stay issued by the bankruptcy court or by operation of the bankruptcy law which would have affected real party's ability to proceed with his action against petitioners. (Cf. *Hughes* v. *Portsmouth Square, Inc.* (1982) 135 Cal.App.3d 170, 173 [184 Cal.Rptr. 926].)

Accordingly, the record does not support real party's claim of impracticability. Since it was not impracticable or futile to bring the Stanislaus County action to trial during the stay of depositions in the El Dorado action, the five-year period was not tolled between August 18, 1983, and October 12, 1983. When that 55-day period is subtracted from the 225-day extension which the court found, real party is left with a 170-day extension. One hundred seventy days beyond February 11, 1987, is July 31, 1987. Real party did not bring his case to trial by that date; therefore, petitioners' motion to dismiss should have been granted.

Let a writ of mandate issue directing respondent court to vacate its order of August 13, 1987, specially setting this case for trial and to grant petitioners' motion to dismiss pursuant to section 583.360, subdivision (a).

Costs are awarded to petitioners.

Woolpert, J., and Brown (G. A.), J.,* concurred.

The petition of real party in interest for review by the Supreme Court was denied July 28, 1989. Lucas, C. J., and Panelli, J., did not participate therein. Mosk, J., was of the opinion that the petition should be granted.

---

* Retired Presiding Justice of the Court of Appeal sitting under assigment by the Chairperson of the Judicial Council.