[Nos. E020212 and E020569. Fourth Dist., Div. Two. Aug. 10, 1999.]

GORDON'S CABINET SHOP, Plaintiff and Appellant, v.
STATE COMPENSATION INSURANCE FUND, Defendant and
Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III, IV and V.

**COUNSEL**

Shernoff, Bidart, Darras & Arkin, Michael J. Bidart, Sharon J. Arkin; Roxborough, Pomerance & Gallegos, Nicholas P. Roxborough, Esteban Gallegos and Scott C. Glovsky for Plaintiff and Appellant.

Sheppard, Mullin, ·Richter & Hampton, Pierce T. Selwood, Andre J. Cronthall, Barry Sullivan; Richard A. Krimen, Charles W. Savage and Virginia Hoyt for Defendant and Respondent.

## OPINION

**WARD, J.**—Plaintiff and appellant Gordon's Cabinet Shop (plaintiff) appeals after the trial court dismissed its action for failure to bring it to trial within five years. (Code Civ. Proc., § 583.310.) Plaintiff contends that the five-year statute was tolled by two separate periods during the pendency of the case, and that the trial court therefore erred in concluding the five-year statute had run. We affirm.

### FACTS AND PROCEDURAL HISTORY

Plaintiff is in the business of making and installing cabinets. As an employer, plaintiff is required to carry workers' compensation insurance. Plaintiff purchased its workers' compensation insurance from defendant and respondent State Compensation Insurance Fund (SCIF).

SCIF is a "public enterprise fund created for the purpose of transacting workers' compensation insurance. (Ins. Code, §§ 11770, 11773.) It was established to ensure that affordable workers' compensation insurance would ·be available to employers when coverage became mandatory. [Citation.]" (*Tudor Ranches, Inc.* v. *State Comp. Ins. Fund* (1998) 65 Cal.App.4th 1422, 1425 [77 Cal.Rptr.2d 574].) Under the statutory scheme, SCIF is intended to be competitive with other insurers, and to be "self-supporting," but it is not intended to accumulate and hold assets over and above the amounts needed for liabilities, necessary reserves, and a reasonable surplus. (Ins. Code, § 11775.) Otherwise, the statutory scheme provides for SCIF to return excess moneys to its insureds as a dividend or credit. The amount of reserves affects the insured's premiums and dividends.

On December 23, 1991, plaintiff filed an action against SCIF, alleging that SCIF had employed improper practices concerning the reserves on plaintiff's account, adversely affecting plaintiff's premiums and dividends. Numerous other employer-insureds had also filed similar lawsuits against SCIF. (See, e.g., *Tudor Ranches, Inc.* v. *State Comp. Ins. Fund, supra*, 65 Cal.App.4th 1422.)

On May 9, 1994, SCIF filed a petition for coordination of plaintiff's action and several other lawsuits alleging similar misconduct by SCIF

concerning the insureds' accounts. The coordination judge denied SCIF's petition for coordination on July 6, 1994.

On March 15, 1995, Judge Kaiser was assigned as the trial judge. On April 12, 1995, Judge Kaiser scheduled a trial management conference for January 12, 1996, and set the trial date for January 16, 1996.

On December 15, 1995, counsel for both sides appeared before Judge Kaiser to argue SCIF's motion for summary adjudication of some of the causes of action in plaintiff's complaint. After hearing on the motion, plaintiff's counsel inquired "as to what's going to happen to our trial date. I understand [the court is] engaged [in trial] . . . ." Judge Kaiser indicated, "Well, I'm going to try to get it out. If not, it will be transferred to another judge, because in February I have a different assignment. . . . The case that I'm presently trying, they've indicated they have a couple more weeks. If it's only a couple more weeks, we should be close to the 16th. If it goes longer than that, I'll have to transfer it, but I'd like to get it out because it's a four-year case."

Ultimately, Judge Kaiser apparently was unable to complete the case he was already trying in time for the scheduled trial date in plaintiff's case. Accordingly, on December 29, 1995, Judge Kaiser issued a minute order on the court's own motion, reassigning plaintiff's case for trial "due to the fact this Court is currently in trial and will be in trial during the starting date set for trial in this matter. The Trial Management Conference set on 1-12-96 and jury trial on 1-16-96 are vacated. . . . [¶] Case re-assigned to HONORABLE COMMISSIONER GLORIA CONNOR TRASK in Dept. 02 for Trial. . . ."

On February 22, 1996, Commissioner Trask set another trial date, May 20, 1996. However, in April of 1996, the parties were in disagreement over discovery matters, namely, the deposition of plaintiff's expert witness, Samuel Smith (Smith).[1] On April 25, 1996, SCIF brought a motion for an order shortening time on a motion to compel Smith to produce insurance company manuals he had reviewed and to complete his deposition. SCIF's counsel proposed that a shortened briefing schedule on the motion to compel might

---

[1]The gist of the discovery problem was that Smith, in forming his opinion, apparently intended to rely on claims procedures manuals of numerous insurance companies. SCIF's notice of deposition asked Smith to produce all the insurance manuals on which Smith intended to rely in forming his opinion. Smith apparently had agreements with some of those insurance companies, however, to keep their materials confidential. He therefore declined to produce all the manuals in his possession. Smith apparently had possession of some of the manuals for purposes not related to plaintiff's lawsuit with SCIF; in some instances, Smith was under court order in other cases to return insurance company manuals to their owners. Smith's reluctance to produce all the manuals he had reviewed was the subject of ongoing dispute.

not be necessary "if your Honor doesn't hold us to the May 20th trial date. . . ." Plaintiff's counsel stated, "We don't have a problem with continuing the trial date to allow enough time for a notice motion[,] just, you know, ten days, fifteen days, whatever it is. [¶] . . . [W]e would only request a very brief continuance just to allow this noticed motion to be heard." SCIF's counsel suggested continuing the matter for 30 days, to June 30, 1996. The court inquired whether "everyone here . . . can agree that this matter isn't ready to proceed to trial on May 20th?" Plaintiff's counsel did not reply audibly, but neither did he object. The trial court ordered, "The trial date will be vacated. I can't promise you when it will be put back on." Again, plaintiff's counsel voiced no objection to the court's statement. Plaintiff's counsel asked whether the court would give notice of a new trial date; the court stated that, after the hearing on SCIF's motion to compel, set for May 28, "then we can reset the trial date if in fact it's ready."

On May 28, 1996, the court heard SCIF's motion to compel Smith to produce the manuals at his deposition. The court granted SCIF's motion and ordered Smith to produce the documents. After ruling on the motion, the court held a status conference. As SCIF had not yet fully deposed Smith, SCIF was not ready for trial. SCIF requested another status conference in 60 days. The court set a new status conference date of July 29, 1996.

At the status conference on July 29, 1996, SCIF informed the court that it intended to bring a number of motions *in limine*. The court discussed setting a date in November of 1996 for hearing on the motions *in limine*. Plaintiff's counsel was concerned about the late date for the hearing on the motions *in limine*: "The only concern I have, the five-year statute, as I understand it, runs on December 11th [*sic*]. . . . [¶] . . . [¶] . . . If you want to set it in November—That's my concern, if we set a trial date in conjunction with that, I guess." SCIF's counsel was also concerned that, if the motions *in limine* were heard in November, SCIF would not be able to depose Smith until after the hearing. Plaintiff's counsel suggested setting hearing for motions *in limine* and any hearing concerning the Smith's deposition for the same day, and requested a date in September. The court set September 27 for hearing on the motions *in limine*, and on any motion concerning Smith's deposition.

On September 27, 1996, the court ruled on motions *in limine* brought by each party. Among other things, the court ruled that Smith's testimony would be excluded at trial, apparently for failure to produce all the insurance manuals at his deposition. At that point, plaintiff's counsel asked the court to set a trial date. The parties estimated five weeks for trial. The court tentatively suggested setting the trial for March. SCIF's counsel said, "That

month is clear for us, Your Honor." Plaintiff's counsel concurred: "Same with Plaintiff." The court set March 3, 1997, as the date for trial. Plaintiff's counsel voiced no objection to the proposed March trial date at the September 27 hearing.

On December 3, 1996, plaintiff filed an ex parte application to shorten time on a motion to specially set the matter for trial. The court ordered a hearing for December 6, 1996, to consider the motion to specially set the matter for trial. On December 6, 1996, the court denied plaintiff's motion.

Plaintiff filed a request for stay and a petition for writ of mandate with this court on December 10, 1996; this court summarily denied the petition on December 20, 1996. (*Gordon's Cabinet Shop* v. *Superior Court* (Dec. 20, 1996) E019522 [nonpub.].)

On January 9, 1997, the trial court granted SCIF's motion to dismiss the suit for failure to bring it to trial within five years.

After entry of the judgment of dismissal, SCIF moved the court for an award of attorney fees and costs, in part under Code of Civil Procedure section 1021.1, permitting recovery of attorney fees and costs against a party who has refused a settlement offer under Code of Civil Procedure section 998, and then failed to obtain a more favorable judgment at trial. The trial court awarded SCIF $82,267.19 in costs and attorney fees against plaintiff.

Plaintiff appealed both the original judgment of dismissal and the amendment to the judgment adding the award of fees and costs to SCIF. This court ordered the two appeals consolidated.

ANALYSIS

#### I. *The Coordination Petition Did Not Toll the Statute*

A. *Standard of Review*

The resolution of the question of tolling while the coordination petition was pending concerns the construction of statutory matter (e.g., Cal. Rules of Court, rule 1514). ■ As to pure questions of law, such as procedural matters or interpretations of rules or statutes, we exercise our independent judgment. (*Bostean* v. *Los Angeles Unified School Dist.* (1998) 63

Cal.App.4th 95, 107-108 [73 Cal.Rptr.2d 523]; *Mohilef* v. *Janovici* (1996) 51 Cal.App.4th 267, 285 [58 Cal.Rptr.2d 721].)

B. *Rule 1514 Tolls the Five-year Statute Only When a Stay Has Been Granted in a Coordination Matter*

 California Rules of Court, rule 1510 et seq., deals with procedural rules for coordination proceedings. SCIF here applied for coordination, as a number of its insureds had filed similar lawsuits alleging overaccumulation of reserves. Ultimately, the judge ruling on the coordination motion denied SCIF's petition in this case. At no time did plaintiff, or any other party, apply for or obtain a stay order while the coordination petition was pending.

California Rules of Court, rule 1514 concerns stay orders in coordination proceedings. The text of the rule is set forth in the margin.[2] For our purposes, the critical provisions are rule 1514(d) and (f).

---

[2]"(a) An application to an assigned judge for an order pursuant to Section 404.5 of the Code of Civil Procedure staying the proceedings in any action may be included with a petition for coordination or may be served and submitted by any party at any time prior to the determination of such petition. An application for a stay order or opposition to such application shall list all known related cases pending in any California court and shall state whether the stay order should extend to any such related case. An application for a stay order shall be supported by a memorandum of points and authorities and by affidavits establishing the facts relied upon to show that a stay order is necessary and appropriate to effectuate the purposes of coordination. If the action to be stayed is not included in the petition for coordination, copies of the application and of all supporting documents shall be served upon each party to the action to be stayed and any such party may serve and submit opposition to the application for a stay order. Any points and authorities and affidavits in opposition to an application for a stay order shall be served and submitted within 10 days after the service of such application and the assigned judge may schedule a hearing to determine whether the stay order shall issue.

"(b) Any stay order issued without a hearing over the prior written objection of a party to the action stayed by such order shall terminate on the 30th day following filing of the stay order. A stay order issued in the absence of any timely written objection and without a hearing shall terminate on the 30th day following the submission by any party to the action stayed by such order of a written request for a hearing to determine whether the stay order shall remain in effect. Notice of a hearing to determine whether a stay order should be granted or terminated shall be prepared and served at the direction of the coordination motion judge. For good cause shown at such hearing, the judge may order the stay granted or extended pending determination of the petition for coordination.

"(c) Unless otherwise specified in the stay order, a stay order suspends all proceedings in the action to which it applies. A stay order may be limited by its terms to specified proceedings, orders, motions or other phases of the action to which the stay order applies.

"(d) In the absence of a stay order, a court receiving an order assigning a coordination motion judge may continue to exercise jurisdiction over the included action for purposes of all pretrial and discovery proceedings, but no trial shall be commenced and no judgment shall

Plaintiff points out that the five-year statute provides that it shall be tolled whenever "[t]he jurisdiction of the court to try the action was suspended." (Code Civ. Proc., § 583.340, subd. (a).) Plaintiff urges in turn that California Rules of Court, rule 1514(d) operated to suspend the jurisdiction of the trial court to try the action while the coordination application was pending. That is, rule 1514(d), provides: "In the absence of a stay order, a court receiving an order assigning a coordination motion judge may continue to exercise jurisdiction over the included action for purposes of all pretrial and discovery proceedings, *but no trial shall be commenced* and no judgment shall be entered in that action unless trial of the action had commenced prior to the assignment of the coordination motion judge." (Italics added.) Focusing exclusively on the italicized language quoted above, plaintiff suggests that the rule's provision that trial shall not be commenced while the petition is pending is the equivalent of a suspension of the trial court's jurisdiction to try the action, within the meaning of Code of Civil Procedure section 583.340.

We do not agree. California Rules of Court, rule 1514(f) expressly states that, "The time during which any *stay of proceedings* is *in effect pursuant to these rules* shall not be included in determining whether the action stayed should be dismissed for lack of prosecution . . . ." (Italics added.) Thus, in the rule concerning stay orders for coordination proceedings, express provision is made to toll the five-year statute *when a stay is granted*. By implication, no tolling should be imputed to coordination proceedings unless a stay is granted. No stay was ever issued in connection with SCIF's petition for coordination. Rule 1514(d) by its terms applies only "In the *absence* of a stay order." (Italics added.) It would be absurd to hold that the five-year statute is tolled only when a stay has been granted, but nevertheless to hold that the statute is also tolled under a provision that applies only in the absence of a stay order.

Moreover, we do not believe that California Rules of Court, rule 1514(d) operated to suspend the *jurisdiction* of the court to try the case in any

be entered in that action unless trial of the action had commenced prior to the assignment of the coordination motion judge.

"(e) In ruling upon an application for a stay order the assigned judge shall determine whether the stay will promote the ends of justice, considering the imminence of any trial or other proceeding that might materially affect the status of the action to be stayed, and whether a final judgment in that action would have a res judicata or collateral estoppel effect with regard to any common issue of the included actions.

"(f) The time during which any stay of proceedings is in effect pursuant to these rules shall not be included in determining whether the action stayed should be dismissed for lack of prosecution pursuant to chapter 1.5 (§ 583.110 et seq.) of title 8 of part 2 of the Code of Civil Procedure."

fundamental sense. Indeed, rule 1514(d) expressly states that the trial court "may continue to *exercise jurisdiction* over the included action for purposes of all pretrial and discovery proceedings." (Italics added.) In addition, if a trial has already begun, the trial court may proceed to try the case even while the coordination petition is pending. Thus, a coordination petition does not preclude the parties from diligently preparing the case for trial, if it is not yet ready to be tried, and nothing in a coordination petition necessarily divests the trial court of the power to try the case if trial has already begun. We therefore do not perceive any manner in which the filing of a coordination petition divests the trial court of fundamental jurisdiction over the subject matter.

Plaintiff cites *Bank of America* v. *Superior Court* (1988) 200 Cal.App.3d 1000 [246 Cal.Rptr. 521], in support of its argument that California Rules of Court, rule 1514(d) operates as a suspension of the jurisdiction of the trial court to "try" an action. *Bank of America* is not controlling on this point. First, as the *Bank of America* court noted, "rule 1514(f) provides, by clear implication, that *where no stay has been issued in the coordination proceedings*, the statutory five-year rule applies to the coordinated actions." (*Bank of America* v. *Superior Court*, *supra*, 200 Cal.App.3d at p. 1010, italics added.) Second, the *Bank of America* parties "concede[d] that the period while the petition for coordination was pending may be excluded under rule 1514(d) . . . ." (200 Cal.App.3d at p. 1011.) SCIF made no such concession here. Third, to the extent the *Bank of America* court purported to hold that the provision of rule 1514(d), precluding the commencement of a trial while the coordination petition was pending acted as a suspension of jurisdiction to try the case, or made it impossible, impracticable or futile to bring the case to trial, its pronouncements in that regard were dicta. The ultimate result in *Bank of America* was that the Court of Appeal ordered the trial court to vacate its order specially setting the case for trial, and directed the trial court to enter an order dismissing the case for failure to prosecute within five years. (200 Cal.App.3d at p. 1016.) Even if the *Bank of America* court considered the five-year statute tolled during the pendency of a coordination petition, under rule 1514(d), the action was still untimely. Thus, the *Bank of America* court's construction of rule 1514(d) has no precedential value.

In light of the express provision in California Rules of Court, rule 1514(f), that only that time when a stay has actually been granted is excluded from the time in which a case must be brought to trial, we hold that the coordination petition did not operate to toll the five-year statute in this case.

## II.-V.*

∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙

### DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and McKinster, J., concurred.

---

*See footnote, *ante*, page 33.